Marcelino AGUIRRE–MATA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–01147–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 5, 1998.

Rehearing Overruled March 9, 1998.

---

3. The trial court's judgment was signed by the trial judge.

Tony Aninao, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, Appellee.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

COHEN, Justice.

Appellant pleaded not guilty to a jury to possession of a controlled substance with intent to deliver. After jury selection, appellant withdrew his not guilty plea and pleaded guilty before the jury. The jury found appellant guilty and assessed punishment at 99 years in prison and a $250,000 fine. We reverse and remand.

### Facts

Appellant attempted to smuggle more than 600 grams of heroin through Houston Intercontinental Airport in his shoes.

### Range of Punishment

The trial judge did not tell appellant the punishment range when appellant pleaded guilty. The law provides that the trial judge "shall admonish the defendant of: (1) the range of punishment attached to the offense:...." TEX.CODE CRIM. P. ANN. art. 26.13(a) (Vernon 1989).

■ The following occurred after the jury was empaneled and both sides announced "ready":

THE COURT: How do you plead?

[Appellant]: I want to tell you that to excuse me, but I ask you a favor to understand and have consideration for me because I have children. That's all I want to say.

THE COURT: Well, this portion of the trial is guilt or innocence.

[Appellant]: Yes. I plead guilty. I don't want to have the trial because I know I am guilty. I was asking for some time or bond or something.

THE COURT: I suggest we have the jury seated and have a formal presentation of the indictment. At that time the [appellant] can enter his plea if he wants to plead guilty or plead not guilty. Either

way you look at it, you have to put some evidence on unless he wants to waive the jury.

[Appellant]: Yes. That's what I want, just with the judge.

[Defense Counsel]: Can we have a timeout and talk in chambers.

THE COURT: [Appellant], you understand we have a jury and you have a right to a jury trial, and the jury is ready to go. We're ready to go, to begin the trial. Do you want to waive your right to a jury on the guilty part of it and plead guilty and go to the jury for punishment?

[Defense Counsel]: Only for the punishment because I was not prepared for this.

THE COURT: But you still want to plead guilty to the Court?

[Appellant]: Yes, I don't want to be wasting time.

THE COURT: Are you pleading guilty because you are guilty?

[Appellant]: Yes.

THE COURT: And are you pleading guilty because you are guilty and for no other reason?

[Appellant]: Yes. The reason I'm say I'm guilty is because we're here and I don't want to have more wasted time.

THE COURT: If you're not guilty, you should not plead guilty.

. . .

THE COURT: And you understand by pleading guilty, you can be deported from the United States, taken outside of the United States and may not be able to ever come back, may not ever have the right to become a citizen of the United States?

[Appellant]: Yes.

THE COURT: And you still want to plead guilty to the charges against you?

[Appellant]: Yes, because the charges are here, and I cannot deny them.

THE COURT: That you are guilty? Are you telling this Court that you are guilty?

[Appellant]: Yes.

The trial judge never admonished appellant of the range of punishment. Therefore, he did not substantially comply with article 26.13. *Murray v. State*, 561 S.W.2d 821, 822 (Tex.Crim.App.1977); *Nguyen v. State*, 859 S.W.2d 437, 438 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). The range of punishment was stated by the prosecutor during voir dire; however, the judge must admonish the accused of the range of punishment, not the defense attorney, the prosecutor, the court clerk, or anyone else. *Murray*, 561 S.W.2d at 822; *see also Nguyen*, 859 S.W.2d at 439.[1] Moreover, the record shows appellant did not understand English; court proceedings were communicated to him through an interpreter.

The State cites *Ricondo v. State*, 634 S.W.2d 837 (Tex.Crim.App.1981), for the proposition that the judge was not required to admonish appellant. In *Ricondo*, as here, the defendant pleaded not guilty, then during trial changed his plea to guilty. *Id.* at 840–41. The defendant in *Ricondo*, however, was told the punishment range for the offense to which he pleaded guilty. *Id.* at 840.[2] Here, appellant was not admonished at all, thus, *Ricondo* does not apply.

▆▆▆ We must decide whether the error was harmless. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997) (no error, except for certain structural federal constitutional errors, is categorically exempt from harmless error analysis). We must reverse when "constitutional errors" occur, unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP. P. 44.2(a). This

---

1. The State asserts that because this was a bifurcated trial, the judge was not required to state the punishment range. *Ricondo v. State*, 634 S.W.2d 837, 842 (Tex.Crim.App.1982). This trial was not bifurcated. The trial judge stated that because appellant pleaded guilty, "We are now in the punishment phase, not the guilt or innocence phase."

2. Ricondo was not told the effect of a finding of true to the two enhancement paragraphs in his indictment, but he pleaded not true to those allegations. *Ricondo*, 634 S.W.2d at 838.

was constitutional error. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App.1979), *citing Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[3] Here, there is no affirmative showing that appellant had full knowledge of the range of punishment. *Cain* was an easy case. It held that the judge's failure to warn a United States citizen that non-citizens could be deported upon conviction was harmless error. The *Cain* court recognized that, "[I]t may be true that some kind of errors ... will never be harmless under the Rule 81(b)(2) [now 44.2(a) ] test and that some other kinds of errors will rarely be harmless." *Cain,* 947 S.W.2d at 264. This case falls, at least, into the second category.

"[W]here the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond a reasonable doubt under rule [44.2(a) ]." *Id.* This is such a case. Nothing proves beyond a reasonable doubt that the error was harmless, that is, that appellant would have pleaded guilty even if he had known the punishment range.

We sustain the first point of error.

We reverse and remand.

---

**3.** Although *Whitten* was overruled in *Cain* to the extent of any conflict, there was no conflict on this point, nor did the *Cain* opinion distinguish *Boykin v. Alabama.*