**Kenneth Belford ANDERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12–96–00366–CR.**

Court of Appeals of Texas,
Tyler.

Nov. 19, 1997.

Discretionary Review Refused April 8, 1998.

Kenneth Nash, Tyler, for appellant.

Edward J. Martys, Suzie Turner, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

### OPINION ON MOTION FOR REHEARING

HOLCOMB, Justice.

The previous opinion delivered on August 27, 1997 is withdrawn and set aside, and the following opinion is entered in lieu thereof.

On original submission, we held that Appellant's guilty plea was involuntarily and unknowingly entered because the trial judge wholly failed to admonish him of the range of punishment as required by TEX.CODE CRIM.

PROC.ANN., art. 26.13(a)(1) (Vernon Supp. 1994). We reversed Appellant's conviction for aggravated sexual assault of a child and remanded it to the trial court for a new trial. *Anders v. State,* No. 12–96–00366–CR (Tex. App.—Tyler, August 27, 1997). We ruled that, because there was no substantial compliance with the admonishment requirement, we were required to reverse the judgment without conducting a harm analysis (citing *Ex parte McAtee,* 599 S.W.2d 335, 335–36 (Tex.Cr.App.1980)). On September 9, 1997, the State filed its "Motion for Rehearing" which we hereby grant.

In its motion for rehearing, the State urges this court to reconsider its holding in light of the recent ruling of the Court of Criminal Appeals in *Cain v. State,* 947 S.W.2d 262 (Tex.Cr.App.1997). In *Cain,* the Court held that "except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.* at 264.

In the instant case, the record shows that the grand jury originally indicted Appellant on one count of aggravated sexual assault. This indictment was eventually dismissed for reasons not reflected in the record. The grand jury then issued a new indictment which included the original offense as well as an additional aggravated assault charge. Appellant moved for severance of the two offenses, and the court granted his motion. Appellant waived the reading of the indictment and pleaded "not guilty." During *voir dire,* the prosecuting attorney stated the following:

> The range of punishment for aggravated sexual assault is from five to 99 years or life, or probation, if the person is eligible, for a period of from five not to exceed ten years. That's what the range of punishment is, and/or a fine not to exceed $10,-000. So, the important questions that we have to ask are about whether you can consider that full range of punishment ... Anyone that cannot consider the full range of punishment, all the way from probation to 99 years?

When Appellant's attorney conducted his portion of the *voir dire* examination, he agreed that the prosecutor correctly stated the range of punishment. After challenges for cause and preemptive strikes, a jury panel was chosen and instructed to return the following morning for trial. Upon his reappearance in the courtroom the next day, Appellant changed his plea to "guilty." After conducting a lengthy discussion with Appellant about his plea, the court found that it was voluntary and accepted his plea at that time. The trial court did not admonish Appellant as required by TEX.CODE CRIM.PROC. ANN., art. 26.13(a)(1), which provides:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
> (1) the range of the punishment attached to the offense ...

After the trial on punishment, the jury sentenced Appellant to 99 years in prison and assessed a $10,000 fine. This sentence was within the statutory range of punishment for aggravated sexual assault.

In his brief, Appellant argues that the court's failure to give the statutory admonishment concerning range of punishment invalidates the conviction. The admonishment statute is mandatory. *Murray v. State,* 561 S.W.2d 821, 822 (Tex.Cr.App.1977). The purpose of the admonitions is to assure the trial court that the defendant is personally entering the guilty plea with full knowledge of its consequences. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Cr.App.1979). But article 26.13(c) provides that if the court substantially complies with the admonishments, the appellant has the burden to show harm. We held in our earlier opinion, and do not waver now from our conclusion, that there was no substantial compliance with the admonishment, and that the trial court erred when it failed to give the admonition required by article 26.13(a)(1). *See Murray,* 561 S.W.2d at 822; *Nguyen v. State,* 859 S.W.2d 437 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). In view of *Cain,* however, harm is no longer presumed when there is a total failure to admonish the defendant of the range of punishment, as previously held in *McAtee,* 599 S.W.2d at 335–36.

■ Having found error, and in view of *Cain,* we next consider whether such error was harmless under rule 44.2 of the Texas Rules of Appellate Procedure. A basic principle of our criminal jurisprudence is that a guilty plea entered by a defendant must be voluntary and intelligently made. *Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Cr.App. 1985). We require that such pleas be knowing and voluntary because when a plea of guilty is entered, several federal constitutional rights are waived, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Because such constitutional rights are at stake, a trial court must determine whether each defendant who pleads guilty understands both the charges against him and the consequences of his plea. *Basham v. State,* 608 S.W.2d 677, 678 (Tex.Cr.App.1980). We conclude that the court's failure to inform Appellant of the punishment range for the charged offense before he pleaded guilty implicated constitutional issues.

Pursuant to Rule 44.2(a),

If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

Tex.R.App.P. 44.2(a).

■ As we stated earlier in this opinion, Appellant was present in the courtroom when the prosecutor correctly stated the range of punishment during *voir dire.* When Appellant's own attorney participated in the *voir dire* process, he stated "... I believe [the prosecutor] correctly stated the range of punishment ..." Before accepting Appellant's guilty plea, the court asked Appellant if he had "fully and completely discussed this matter with [his] attorney, and [had his attorney] answered all of the questions that [he] might have concerning such a plea?" Appellant answered affirmatively. We also note that Appellant was in the courtroom

when the jury charge, which included the range of punishment, was read. He neither objected nor showed surprise at the range of punishment the jury was allowed to consider. In addition, we have found nothing in the record which affirmatively shows that Appellant was unaware of the range of punishment or that his plea was not voluntary and intelligently made. We conclude, therefore, that Appellant was aware of the range of punishment for aggravated sexual assault of a child, that he entered into his guilty plea voluntarily and knowingly, and that beyond a reasonable doubt, the court's failure to admonish Appellant pursuant to Article 26.13(a)(1) did not contribute to the conviction or punishment. Point of error one is overruled.

■ In point of error two, Appellant complains that the trial court committed reversible error when it overruled his objection to the prosecutor's hypothetical question to the venire panel. During *voir dire,* a venireperson stated that if she found someone guilty of a serious crime, she could not vote for probation. In response, the prosecutor propounded the following hypothetical:

Imagine with me for a second that a guy 13 years old the day before his 14th birthday. He's younger than the age of 14, he goes to a party and he meets a girl that's 17 at this party. Now, 17 is the age of criminal responsibility, if you will. In other words, she's an adult under criminal law at 17. The boy, the day before his 14th birthday is a little more mature. He matures a little faster, looks older and he tells the girl that he's 17 and she believes him. She has sex with him as a result of this party. They have a few drinks, or whatever, and something occurs. Now, under the law she has committed aggravated sexual assault. She doesn't have to know that he's younger than 17. She doesn't have to be aware of that fact, and she has committed aggravated sexual assault. Now, I'm not trying to get you to commit to a particular set of facts.

Appellant made a timely objection to the hypothetical question, which the trial court overruled. The prosecutor then inquired whether, having considered the hypothetical, there could be a set of facts that could war-

rant probation, to which the veniremember responded, "Possibly." The prosecutor went on to say, "So with that answer ... it shows that you are open at least to the consideration of probation for the offense." The potential juror replied in the affirmative. We must note at this point that the hypothetical bore no resemblance to the charged offense committed by Appellant, in that the crime was against his seven-year-old grandson.

A trial court has wide discretion to control *voir dire*. *Cadoree v. State*, 810 S.W.2d 786, 788 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). The decision of the trial court to allow or restrict *voir dire* may only be reviewed to determine whether the court's action constituted an abuse of discretion. *Allridge v. State*, 762 S.W.2d 146, 163 (Tex.Cr.App.1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989). In determining whether the trial court abused its discretion, the reviewing court looks to the propriety of the question which is being asked. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex.Cr.App.1991). Generally, a question during *voir dire* is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.* The law allows the use of a hypothetical to ascertain the views of the prospective jurors on issues pertinent to a fair determination of the case. The Court of Criminal Appeals has held that it is proper for hypothetical fact situations to be used to explain the application of the law. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex.Cr.App. 1995). It is improper, however, to inquire how a veniremember would respond to particular facts as presented in a hypothetical question. *Id.* In the instant case, therefore, we must determine whether the hypothetical was used to ascertain the views of perspective jurors on the issue of probation, to explain the law on the full range of punishment for aggravated sexual assault, or to commit the jurors to the particular facts of the case.

As related earlier, the hypothetical given by the prosecutor was not remotely similar to the facts of this case. The prosecutor's question was used to determine if a particular venireperson could consider probation in an aggravated sexual assault case. It was incumbent upon the attorneys to determine if a potential juror was open to the full range of punishment, since an inability to consider the full range of punishment, including probation, renders a veniremember unfit for jury service. *Maddux v. State*, 862 S.W.2d 590, 591 n. 2 (Tex.Cr.App.1993). We hold that the hypothetical did not improperly require the venireperson to commit to a particular set of circumstances, but was merely a vehicle used to clarify the potential juror's views on probation in a sexual assault case. Point of error two is overruled.

In points of error three through five, Appellant argues that admission of his oral confession into evidence was violative of his constitutional rights to counsel and to be free from self-incrimination, as well as a violation of Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon Supp.1994). In the punishment phase, the State called the criminal court coordinator to the stand to testify that during a routine jail call, Appellant made the following statement: "I know what I done. They [sic] done what I said I done. The only question is, what are ya'll going to do about it?" This testimony was allowed over Appellant's objection that the statement was not relevant. Because Appellant failed to object at trial that the use of the oral statement was violative of his constitutional and statutory rights, he preserved nothing for review. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Cr.App.1990). Points of error three through five are overruled.

In his sixth point of error, Appellant asserts that the trial court erred by failing to instruct the jury regarding the consequences of parole as set forth in Tex.Code Crim.Proc. Ann. art. 37.07, sec. 4(a) (Vernon Supp.1994). We note, however, that Appellant made no objection to this omission and did not request submission of the appropriate instruction. Any error committed by the trial court in failing to charge the jury pursuant to article 37.07, section 4 is waived if Appellant failed to timely object and request submission of the instruction. *Jones v. State*, 859 S.W.2d 537, 542 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Additionally, if the error did not affect substantial rights of Appellant, it must be disregarded. Tex.R.App.P. 44.2(b). We

hold that because Appellant, rather than the State, benefitted from the failure to charge the jury on parole law, Appellant's substantial rights were not affected.

Point of error number six is overruled. We affirm the judgment of the trial court.