Marcelino **AGUIRRE–MATA**, Appellant,

v.

**The STATE of Texas.**

**No. 0762–98.**

Court of Criminal Appeals of Texas.

May 26, 1999.

---

Tony Aninao, Houston, for appellant.

Alan Curry, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

HOLLAND, J., delivered the unanimous opinion of the Court.

Following a plea of guilty to the offense of possession of a controlled substance with intent to deliver, a jury assessed appellant's punishment at ninety-nine years' confinement and a $250,000 fine. TEX. HEALTH & SAFETY CODE ANN. § 481.1121. The First Court of Appeals reversed and remanded the case finding the trial court's failure to admonish appellant of the range of punishment for which he was on trial amounted to harm under Rule 44.2(a). *Aguirre–Mata v. State*, 962 S.W.2d 264 (Tex.App.—Houston [1st Dist] 1998). We granted the State's petition for discretionary review to determine if the Court of Appeals erred in holding the trial court's

failure to admonish under article 26.13(a)(1) of the Texas Code of Criminal Procedure is constitutionally based error requiring review under Rule 44.2(a) or "other error" reviewed under Rule 44.2(b). We will reverse.

## *Relevant Facts*

After the jury was empaneled, appellant withdrew his plea of not guilty and pled guilty before the jury. The State acknowledges that, in the instant case, although the trial court did admonish appellant that he could be deported if he pled guilty, he did not admonish appellant either orally or in writing that the possible range of punishment was confinement from fifteen to ninety-nine years.

## *The Court of Appeals' Decision*

Relying on *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979), and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the First Court of Appeals concluded the trial court's failure to admonish appellant of the range of punishment was constitutional error requiring application of Texas Rule of Appellate Procedure 44.2(a). *Aguirre–Mata*, 962 S.W.2d at 266. The Court concluded because "there [was] no affirmative showing that appellant had full knowledge of the range of punishment," it could not determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *Id.* Hence, the court reversed appellant's conviction and remanded to the trial court.

## *Arguments of the Parties*

The State claims the Court of Appeals erred in holding the error was of a constitutional dimension because appellant failed to allege that his guilty plea was rendered involuntary as a result of the trial court's failure to admonish him under article 26.13(a)(1).[1] The State contends that ap-

---

1. Subsections (a) and (a)(1) of article 26.13      provide:

pellant's mere citation to the general rule from *Boykin,* set forth in *Ex Parte McAtee, 599* S.W.2d 335, 336 (Tex.Crim.App. 1980), does not constitute a "showing, or even an allegation, that [appellant] was harmed." The State insists because the "alleged error did not implicate voluntariness of the appellant's plea and, therefore, did not constitute constitutional error," Rule 44.2(b) was the appropriate standard in which to review harm. Also, the State claims the error is harmless because, contrary to the Court of Appeals, the record affirmatively shows appellant had knowledge of the range of punishment.

Appellant counters that a showing of harm is not necessary because the trial court wholly failed to admonish him on the range of punishment, thus invalidating his conviction. *Murray v. State,* 561 S.W.2d 821, 822 (Tex.Crim.App.1977). Appellant bolsters this argument with reliance on our holding in *Ex parte McAtee, supra.* In *McAtee,* this Court reaffirmed the *Walker* court's holding that a total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error without regard to harm.[2] We reasoned harm was not a consideration because when a trial judge fails to give the article 26.13(a)(1) admonishment there is no substantial compliance.[3] We stated:

> The reasoning behind this rule is that where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he

entered the plea without understanding the consequences of his action and thus was harmed. Where there is a total failure to admonish concerning punishment, however, there is no prima facie showing; the defendant has received no warning whatsoever as to the punishment that is liable to be assessed. In such a case the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown. See *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

*McAtee,* 599 S.W.2d at 335–36.

Appellant claims this general rule remains despite our recent decision in *Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App. 1997) because this error falls within its exception. In *Cain,* we held that "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." We went on to recognize, however, that "where the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond a reasonable doubt under Rule 81(b)(2)." *Cain,* 947 S.W.2d at 264. Appellant insists the error resulting from a trial judge's failure to admonish on the range of punishment "defies analysis by harmless error standards."

---

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
   (1) the range of the punishment attached to the offense;

**2.** *Ex parte McAtee,* 599 S.W.2d at 335–36 (citing *Weekley v. State,* 594 S.W.2d 96 (Tex.Crim. App.1980); *Stewart v. State,* 580 S.W.2d 594 (Tex.Crim.App.1979); *Whitten v. State,* 587 S.W.2d 156 (Tex.Crim.App.1979); *Fuller v. State,* 576 S.W.2d 856 (Tex.Crim.App.1979); *McDade v. State,* 562 S.W.2d 487 (Tex.Crim.

App.1978); *Murray v. State,* 561 S.W.2d 821 (Tex.Crim.App.1977); and *Walker v. State,* 524 S.W.2d 712 (Tex.Crim.App.1975)).

**3.** Tex.Code Crim. Proc. art. 26.13(c) provides:

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

## Harm Analysis

We recognized in *High v. State* that the trial court's failure to admonish a defendant of the range of punishment as required by article 26.13(a)(1) is not "automatic reversible error, without regard to harm." 964 S.W.2d 637, 638 (Tex.Crim. App.1998). We held a reviewing court must "conduct a harm analysis pursuant to Rule 44.2." *Id.* We did not indicate, however, which of the two standards embodied within Rule 44.2 to apply.[4] In *Cain,* we held the failure to give the article 26.13(a)(4)[5] admonishment is subject to a Rule 81(b)(2) harmless error analysis. 947 S.W.2d at 264. Since *Cain,* however, the new rules of appellate procedure replaced Rule 81(b)(2) with Rule 44.2.

Unlike the former rule, Rule 44.2 bifurcates harm analysis—one for constitutional error and another for non-constitutional error.[6] The standard of harm under subsection (a) is essentially the same as former Rule 81(b)(2). That is, the reviewing court will reverse the conviction or punishment unless it concludes beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R.APP. P. 44.2(a). Unlike the former rule, however, subsection (a) only applies to constitutional, not statutory error. Subsection (b) sets out the standard for reviewing all other error and instructs a reviewing court to disregard a non-constitutional error that does not affect the "substantial rights" of the defendant. TEX.R.APP. P. 44.2(b).

This Court recently addressed the appropriate standard of harm to apply to the trial court's failure to admonish a defendant of the deportation consequence of a guilty plea as required by article 26.13(a)(4). *See Carranza v. State,* 980 S.W.2d 653, 656 (Tex.Crim.App.1998). In examining whether the error was constitutionally based requiring review under Rule 44.2(a) or "other error" reviewed under Rule 44.2(b), we considered the purpose of plea admonishments as stated in *McCarthy v. United States,* 394 U.S. 459, 465–66, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969):

First, although the procedure embodied in [admonishment] has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary. Second, the rule is intended to produce a complete record at the time the plea is entered of the factors relevant to the voluntariness determination. Thus the more meticulously the rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post conviction at-

---

**4.** The Courts of Appeals are divided over which harm analysis should be applied to this error. *Compare Aguirre–Mata v. State,* 962 S.W.2d 264 (Tex.App.—Houston [1st Dist.] 1998) and *Anders v. State,* 973 S.W.2d 682 (Tex.App.—Tyler 1997, pet. ref'd) (op. on reh'g), *cert. denied,* —— U.S. ——, 119 S.Ct. 265, 142 L.Ed.2d 218 (1998) (complaint regarding failure to admonish on range of punishment is constitutionally based requiring review under Rule 44.2(a)) *with Rachuig v. State,* 972 S.W.2d 170 (Tex.App.—Waco 1998, pet. ref'd); *Anderson v. State,* 985 S.W.2d 195 (Tex.App.—Fort Worth 1998) (admonishment itself is not constitutionally required requiring review under Rule 44.2(b)).

**5.** TEX.CODE CRIM. PROC. art. 26.13(a)(4) requires the trial court to give the following admonishment:

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

**6.** TEX.R.APP. P. 44.2 provides:

(a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

tacks on the constitutional validity of guilty pleas ... [.] A defendant who enters a guilty plea simultaneously waives several constitutional rights, including his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally knowing and voluntary, it has been obtained in violation of the due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

*Carranza,* 980 S.W.2d at 656; *see also Ex parte Morrow,* 952 S.W.2d 530, 534 (Tex. Crim.App.1997). We concluded the admonishments embodied in article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *Carranza,* 980 S.W.2d at 656 (citing *Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim.App.1981)). Hence, we held the error should be reviewed under Rule 44.2(b).

We conclude the Court of Appeals erred in applying a harm analysis under subsection (a). Appellant did not claim on direct appeal that the trial court's failure to admonish him of the range of punishment caused his plea to be obtained in violation of the Due Process Clause of the Fifth Amendment made applicable to the States through the Fourteenth Amendment. U.S. CONST. amend. V, XIV; *see McCarthy,* 394 U.S. at 465–66, 89 S.Ct. at 1170–71. Instead, appellant claimed a violation of article 26.13(a)(1). Therefore, consistent with our reasoning and holding in *Carranza,* we conclude the error was subject to a harm analysis under Rule 44.2(b) because it is statutory, not constitutional.

Accordingly, we grant the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court to conduct a harm analysis pursuant to Rule 44.2(b).