Marcelino AGUIRRE–
MATA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–01147–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 14, 2000.

Tony Aninao, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for State.

Panel consists of Justices COHEN, O'CONNOR, and ANDELL.

## OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

MURRY B. COHEN, Justice.

Appellant was charged with possession with intent to deliver more than 600 grams

of heroin. He first pleaded not guilty, but, after jury selection, appellant withdrew that plea and pleaded guilty. The jury then assessed punishment at 99 years in prison and a $250,000 fine. On February 5, 1998, this Court reversed the judgment and remanded the cause because we found the trial judge's total failure to admonish appellant of the punishment range when appellant pleaded guilty was harmful under TEX.R.APP. P. 44.2(a) ("constitutional error"). *Aguirre–Mata v. State,* 962 S.W.2d 264, 266–67 (Tex.App.—Houston [1st Dist.] 1998), *vacated,* 992 S.W.2d 495 (Tex.Crim.App.1999). The Court of Criminal Appeals vacated our judgment and remanded the cause for a harm analysis under TEX.R.APP. P. 44.2(b) ("other errors"). 992 S.W.2d at 499. We now affirm.

### The Issue Before Us

The pre-plea discussion is set out in our first opinion. 962 S.W.2d at 265–66. All agree that the trial judge erred by not telling appellant the punishment range before the plea. *See* TEX.CODE CRIM. P. ANN. art. 26.13(a)(1) (Vernon Supp.2000). The sole issue is whether this error was harmful under rule 44.2(b), the test for non-constitutional error.

The Court of Criminal Appeals has ordered us to conduct a rule 44.2(b) harm analysis: "Accordingly, we grant the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court to conduct a harm analysis pursuant to Rule 44.2(b)." As an intermediate court of appeals, we are bound to follow that order, as well as the controlling precedents of our State's highest criminal law court imposing the same rule. As the United States Supreme Court has said, "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis,* 454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556 (1982).

"If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526 (1989). The dissenters in *Rodriguez* agreed. They declared that by refusing to do so, the Court of Appeals "engaged in an indefensible brand of judicial activism." 490 U.S. at 486, 109 S.Ct. at 1923.

The Texas Supreme Court agrees. *In re Smith Barney,* 975 S.W.2d 593, 598 (Tex.1998). In rebuking and reversing a court of appeals that "disregarded the direct instructions of this Court," Justice Doggett declared: "This Court need not defend its opinions from criticism from courts of appeals; rather, they must follow this Court's pronouncements." *Lofton v. Texas Brine Corp.,* 777 S.W.2d 384, 386 (Tex.1989). This principle of law undoubtedly would be followed by the Texas Court of Criminal Appeals. We are bound by these rules. Therefore, as ordered, we will conduct a harm analysis pursuant to rule 44.2(b), despite our strong belief that rule 44.2(b) should not and does not apply to this type of error. *See High v. State,* 998 S.W.2d 642, 646–47 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd) (Cohen, J., concurring on remand) (contending that, under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a total failure to admonish about the range of punishment is constitutional error that requires reversal without harm to the defendant and that controlling Texas case law to the contrary is in error).

At least four court of appeals justices have now stated that *Boykin v. Alabama* (1) controls this issue, (2) requires reversal without proof of harm, and (3) conflicts in that respect with the holdings of the Texas Court of Criminal Appeals. I raised the issue at length in *High,* 998 S.W.2d at 645–

49 (Cohen, J., concurring on remand). Justice Ben Grant soon agreed. *Perkins v. State*, 7 S.W.3d 683, 689–90 (Tex.App.—Texarkana 1999, pet. ref'd) (Grant, J., dissenting). Justices O'Connor and Andell agree today. We respectfully encourage other courts, including the Court of Criminal Appeals and the United States Supreme Court, to address this important constitutional issue.

### Harm Under Rule 44.2(b)

■ "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex. R.App. P. 44.2(b). For this error, a defendant must show no more than that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Carranza v. State*, 980 S.W.2d 653, 657–58 (Tex.Crim. App.1998).

### Appellant's Arguments on Remand

On remand, appellant claims he was harmed for three reasons: (1) he received the maximum punishment; (2) he was confused about the punishment range; and (3) by violating the mandatory admonishment statute, the judge necessarily deprived appellant of state constitutional due course of law, which deprivation also necessarily affected his substantial rights. Appellant also claims the error deprived him of federal due process, which deprivation requires reversal without regard to harm. We address these arguments in order.

### A. Does the Punishment Received Show Harm for This Error?

Appellant first contends he was harmed because he received the maximum punishment. *See* Tex. Health & Safety Code Ann. § 481.112(f) (Vernon Supp.2000) (range of life or 15 to 99 years imprisonment plus mandatory fine not over $250,-000.). We disagree.

■ We hold the length of punishment does not show harm. To show harm in this case, appellant must show he did not know the punishment range, and if he had, he would not have pleaded guilty. *See High*, 998 S.W.2d at 644 (op. on remand). The length of punishment might show harm in a case when the sentence exceeded the admonishments. That is not the case here.

Appellant's authorities are not controlling because none concerned omitted plea admonishments. *See Menefee v. State*, 928 S.W.2d 274, 281–82 (Tex.App.1996) (erroneous admission of prior convictions); *McKenzie v. State*, 617 S.W.2d 211, 220–21 (Tex.Crim.App.1981) (improper closing argument by prosecutor); *Irving v. State*, 573 S.W.2d 5, 6 (Tex.Crim.App.1978) (same).

### B. Does the Record Reflect Appellant's Substantial Rights Were Affected Because He Did Not Understand the Range of Punishment Before His Plea?

■ Nothing in this record shows appellant was harmed. There was no motion for new trial, and appellant neither claimed nor proved that he did not know the punishment range and that, if he had known it, he would have pleaded not guilty. *See High*, 998 S.W.2d at 644 (op. on remand).

During voir dire, the prosecutor three times correctly stated the punishment range. Nothing shows that appellant did not hear and understand that, that his interpreter was not present, or that his attorney had not already told him the same thing. Under former law, that was insufficient; only the judge could admonish about punishment, and the judge's failure to do so was automatic reversible error. *Whitten v. State*, 587 S.W.2d 156, 157, 159 (Tex.Crim.App.1979) (op. & op. on reh'g); *Stewart v. State*, 580 S.W.2d 594, 595 (Tex.Crim.App.1979); *Murray v. State*, 561 S.W.2d 821, 822 (Tex.Crim.App. 1977). These cases are no longer good law. They have been overruled by the likes of *Cain v. State*, 947 S.W.2d 262, 264

(Tex.Crim.App.1997), *Carranza*, 980 S.W.2d at 656, *High v. State*, 964 S.W.2d 637, 638 (Tex.Crim.App.1998), and *Aguirre–Mata*, 992 S.W.2d at 499. *See Rachuig v. State*, 972 S.W.2d 170, 176 (Tex.App.—Waco 1998, pet. ref'd) (holding failure to admonish on punishment range not harmful when prosecutor stated punishment range, and defense counsel confirmed that prosecutor had correctly stated that range, in voir dire before plea); *see also Manoy v. State*, 7 S.W.3d 771, 777 (Tex.App.—Tyler 1999, no pet.) (holding same error not harmful because judge and both attorneys stated punishment range during voir dire before plea); *McLaren v. State*, 996 S.W.2d 404, 406 (Tex.App.—Beaumont 1999, pet. ref'd) (same); *Anders v. State*, 973 S.W.2d 682, 685 (Tex.App.—Tyler 1997, pet. ref'd) (same, under rule 44.2(a)).

Appellant claims his following responses when he was admonished of other rights show he did not understand the punishment range:

- "I want to tell you that to excuse me, but I ask you a favor to understand and have consideration for me because I have children. That's all I want to say."
- "Yes. I plead guilty. I don't want to have the trial because I know I am guilty. I was asking for some time or bond or something."
- "Yes. That's what I want, just with the judge."
- "Yes, I don't want to be wasting time."
- "Yes. The reason I'm say I'm guilty is because we're here and I don't want to have more wasted time."
- "Yes, because the charges are here, and I cannot deny them."

These statements do not show that appellant did not know the punishment range.

This is not a case like *High v. State*, in which the record affirmatively showed that the defendant was "unsure" of the maximum punishment and ultimately was wrong about the minimum. 998 S.W.2d at 649 (Cohen, J., concurring on remand). Here, in contrast, the record reveals that the correct punishment range was stated in court in appellant's presence three times before he pleaded guilty, and the statements on which appellant now relies do not show he misunderstood that.

**C. By Violating the Mandatory Admonishment Statute, Did the Judge Necessarily Deprive Appellant of State Due Course of Law and Thereby Necessarily Violate Appellant's Substantial Rights?**

■ Appellant next argues his substantial rights were *necessarily* violated under rule 44.2(b) because, "By taking the appellant's plea to the jury without the required punishment admonishment required by state law, the plea lacked the attendant procedural safeguards and caused the appellant's plea to be involuntarily obtained in violation of the [Due Course of Law] Clause of the Texas Constitution." *See* TEX. CONST. art. I, §§ 10, 19. This is an argument for automatic reversal, as was the law in *Stewart, Murray,* and *Whitten.* It is no longer the law. *See High,* 964 S.W.2d at 638.

**D. Does Deprivation of Federal Due Process Require Reversal Without Harm?**

■ According to the Court of Criminal Appeals, the answer is no. *See High,* 964 S.W.2d at 638; *Carranza v. State,* 980 S.W.2d at 656; *Cain,* 947 S.W.2d at 264. We therefore hold this argument is without merit for the same reasons stated immediately above. *Contra High,* 998 S.W.2d at 645–49 (Cohen, J., concurring on remand) (concluding that failure to admonish is a violation of federal due process under *Boykin* that requires reversal without harm).

The judgment is affirmed.

A majority of the justices of the Court voted to overrule appellant's motion for en-banc consideration on remand.

Justice O'CONNOR, concurring.

MICHOL O'CONNOR, Justice, concurring on remand from the Texas Court of Criminal Appeals.

In *Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex.Crim.App.1999), the Texas Court of Criminal Appeals held that the admonishments required by Texas Code of Criminal Procedure article 26.13(a), are not constitutionally required.[1] The Court reasoned that the purpose of the admonishments was to "assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered." *Id.* The Court concluded that, because the admonishments are for the benefit of only the trial judge, they did not involve any constitutional protections. *Id.* Therefore, the Court held the error should be reviewed for non-constitutional error under new Texas Rule of Appellate Procedure 44.2(b). *Id.*

I disagree with everything about the Court's analysis. I believe (1) the admonishment regarding the range of the punishment is constitutionally required to ensure that the defendant makes a knowing and voluntary plea of guilty; (2) the purpose of the admonishment is to ensure that the plea is both knowing and voluntary, and thus it is for the benefit of the defendant, not the judge; (3) the admonishment regarding the range of punishment is consti-

tutionally protected because the defendant cannot make a "knowing" plea without that information; and (4) because the error is constitutional, it should be reviewed as constitutional error under Texas Rule of Appellate Procedure 44.2(a).

It is beyond absurd to think the appellant in this case received equivalent information about the range of punishment from the prosecutor's voir dire statements. The prosecutor's mention of the range of punishment during voir dire was not a substitute for an admonishment by the judge for at least two reasons. First, the appellant does not speak English, and the record does not disclose whether the translator interpreted the voir dire. Second, even if interpreted, we do not know if the appellant heard and understood the implications of the range of punishment. The statements by the prosecutor were not directed to the appellant, they were directed to the venire panel jury. Neither the prosecutor nor the judge asked the appellant if he understood the range of punishment.

A plea of guilty should not be accepted unless it is free and voluntary. Tex.Code Crim. P. art. 26.13(b). A free and voluntary plea can be made only by a defendant who knows and appreciates the extreme consequences his plea may entail. The trial judge has the duty to see that the defendant understands the consequences of pleading guilty.

\* \* \* \*

1. Article 26.13 states in part:
   (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
   (1) the range of the punishment attached to the offense;
   \* \* \* \*
   (3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial;

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that ... the plea is free and voluntary.
(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequence of his plea and that he was misled or harmed by the admonishment of the court.
TEX.CODE CRIM. P. art. 26.13.

The error in this case, in failing to admonish the appellant regarding the range of punishment, is remarkably similar to the error in *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979). In both cases the defendant initially pled not guilty. *Id.* at 157. In both cases the prosecutor mentioned the punishment range in voir dire. *Id.* at 157. In both cases the defendant changed his mind after he pled guilty and trial had begun. *Id.* at 157. In neither case did the trial judge remember to admonish the defendant regarding the range of punishment. *Id.* at 157. Only the results of the two cases are different. In *Whitten*, the Court of Criminal Appeals—relying on Article 26.13(c), which requires reversal if no admonishment is given—reversed. *Id.* at 159. In this case, the Court of Criminal Appeals—relying on Rule 44.2(b)—instructs us to apply the "other error" harm analysis, which compels affirmance.

The *Whitten* Court held that the purpose of this admonishment is to assure that the defendant entered his plea with full knowledge of its consequences. *Whitten*, 587 S.W.2d at 158. It then went on to say that an affirmative showing of such knowledge is constitutionally required. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969)). The "consequences" of a plea has been interpreted to mean the punishment provided by law for the offense and that can be inflicted under the plea. *Eubanks v. State*, 599 S.W.2d 815, 816 (Tex.Crim. App.1980).

*Whitten* was not an aberration. The Court of Criminal Appeals has repeatedly reversed cases under similar circumstances. *See, e.g., McDade v. State*, 562 S.W.2d 487, 488 (Tex.Crim.App.1978) (after evidence introduced, defendant changed his plea to "guilty"; court did not admonish him about range of punishment); *Fuller v. State*, 576 S.W.2d 856, 856–57 (Tex.Crim.App.1979) (after State rested, defendant changed his plea to "guilty"; court did not admonish him about range of

punishment); *Stewart v. State*, 580 S.W.2d 594, 595 (Tex.Crim.App.1979) (in trial before a jury on plea of guilty, court did not admonish defendant about range of punishment).

Nothing has changed about the substantive law regarding admonishments of the range of punishment since the Court of Criminal Appeals decided *Whitten*, *McDade*, *Fuller*, and *Stewart*. Only two things have changed; the membership of the Court and the new Court's adoption of a new appellate standard to review trial error. *See* Tex.R.App. P. 44.2. The obvious purpose of the new standard is to reduce the number of cases reversed on appeal by making most errors non-reviewable, and by making the few that are reviewable non-reversible.

The issue then is whether a state court, by changing its rules of appellate procedure, can trump the United States Constitution and a state statute. I do not think it can. Rights that the United States Supreme Court and an earlier Court of Criminal Appeals have held to be constitutionally protected cannot lose their protection simply by the election of new members to a court and the adoption of a new appellate rule governing the standard of review.

The Court of Criminal Appeals ordered us in this case to conduct a harm analysis, relying on two cases for authority, *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997). As Justice Cohen pointed out in his concurring opinion in *High v. State*, 998 S.W.2d 642, 645–49 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd) (Cohen, J. concurring), neither case supports the Court of Criminal Appeals's holding.

That the Court of Criminal Appeals relies on *McCarthy* to support its rationale is, quite frankly, embarrassing. *McCarthy* supports the opposite of what the Court holds. The Court of Criminal Appeals quotes extensively from *McCarthy* for support of its premise that an admonishment

of range of punishment is not constitutionally required and that the purpose of the admonishment is merely to aid the trial court in determining whether the plea was voluntary. *Aguirre–Mata,* 992 S.W.2d at 498–99. *McCarthy,* however, did not involve any constitutional issues; *McCarthy* involved Federal Rule of Criminal Procedure 11. The United States Supreme Court specifically said it was avoiding any constitutional issue regarding admonishments:

> This decision is based solely upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts; we do not reach any of the constitutional arguments petitioner urges....

394 U.S. at 464, 89 S.Ct. at 1169.

The Court of Criminal Appeals ignores language in *McCarthy* that is at odds with its holding. For example, in *McCarthy,* the Supreme Court held that when a plea of guilty is not voluntary and knowing, it is void because it was obtained in violation of due process. 394 U.S. at 466, 89 S.Ct. at 1171. I do not believe the Court of Criminal Appeals can ignore the effects of a void plea by simply shifting the burden to the defendant on appeal. For this error on this record, it is impossible for the appellant to show that he did not hear or understand what the prosecutor was talking about when he mentioned the range of punishment. If the appellant could have preserved error by making a record of the fact that he did not hear or understand,

the act of preserving the error would have called the error to the trial court's attention.

The second case on which the Court of Criminal Appeals relies is its opinion in *Cain.* The admonishment issue in *Cain* involved the failure to warn a United States citizen that non-citizens could be deported, not (as in this case) the failure to admonish about range of punishment. *Cain,* 947 S.W.2d at 264. The failure to admonish about deportation in *Cain* was obviously harmless. There is no constitutional right to be told about deportation. *State v. Jimenez,* 987 S.W.2d 886, 889 (Tex.Crim.App.1999). By comparison, the right to be told the range of punishment when pleading guilty is constitutionally protected. *Boykin,* 395 U.S. at 244 n. 7, 89 S.Ct. at 1713 n. 7.[2]

Because I am of the opinion the majority has correctly applied Rule 44.2(b) to the facts of this case according to the remand order of the Court of Criminal Appeals, I reluctantly concur. I remain convinced that our original opinion was correct, that the error is constitutional, and that the Court of Criminal Appeals was wrong in remanding the case for application of the harm analysis under Rule 44.2(b).

---

2. Most scholars believe the *Boykin* case settled the issue regarding the trial court's duty to admonish the defendant about the consequences of his plea or to determine if he has been advised by others. As an example, in the American Law Reports' "Later Case Service," it states that the annotation, *Court's Duty to Advise or Admonish Accused as to Consequences of Plea of Guilty, or to Deter-* *mine that He is Advised Thereof,* 97 A.L.R.2d 549 (1964), was discontinued because the *Boykin* decision "has largely settled the subject matter of this annotation." After the Court of Criminal Appeal's decision in this case, A.L.R. should consider starting a Texas-only supplement for that otherwise out of date annotation.