Affirmed and Opinion filed December 5, 2002









Affirmed
and Opinion filed December 5, 2002.

 

                                                                                                                                                            

                                                                                                                                    

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-01-01186-CR

____________

 

RAYLEE DAWAYNE GILSTRAP,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 405th District Court

Galveston County, Texas

Trial
Court Cause No. 00CR1124

 



 

O
P I N I O N

Jurors
found appellant Raylee Dawayne
Gilstrap guilty of aggravated robbery using a deadly
weapon.  After he pleaded Atrue@
to an enhancement paragraph, they sentenced him to life imprisonment.  He presents three points of error on appeal,
complaining of omissions in the jury charge,  the admission of extraneous offenses,
and evidence of gang membership.  We
affirm.

                                                                              

 








                                                                   Background

In
November of 1999, appellant and his co-defendant, Reagan Jones, broke into a
houseboat occupied by complainants and robbed them at gunpoint.  After taking a few dollars
and some electronics equipment, appellant and Jones left the boat.  Appellant was charged with aggravated robbery
for this crime, and this appeal pertains only to that charge.  

During
the punishment phase of trial, the State presented evidence that immediately
after the boat robbery, appellant and Jones drove appellant=s
truck to an apartment complex in Houston. 
There, they robbed two men at gunpoint, took their wallets, and
proceeded to assault and batter them. 
Notified of the assault while it was occurring, the police arrived and
demanded entrance into the apartment. 
Appellant and Jones shot two of the officers, leaving them wounded.  After a gun battle, police took appellant and
Jones into custody, and found the property taken from the boat in appellant=s
bullet-riddled truck. 

                                                                   Jury
Charge

Under
his first point of error, appellant complains that the jury charge at
punishment failed to include the statutorily-mandated parole charge.  See Tex.
Code Crim. Proc. art.
37.07,  '
(4)(a).   The
purpose of the charge is to inform jurors of Agood conduct time@ and Aparole@ in general terms, and to prohibit them from using those
concepts in assessing punishment.  See
Luquis v. State, 72 S.W.3d 355,
360 (Tex. Crim. App.  2002). 

Appellant
did not request inclusion of the statutory charge at punishment, nor did he
object to the omission of it.  Although
the statute mandates inclusion, this mandate can be waived.  See Tucker v. State, No.
05-01-01899-CR, 2002 WL 31424549 (Tex. App.CDallas,
Oct.  30, 2002, no pet.
h.); Anders v. State, 973 S.W.2d 682, 686 (Tex. App.CTyler
1997, pet. ref=d).  As appellant did not
object, he may not now complain of any error in omitting the instruction.








In Ramos v. State, a
sister court held that, even if a defendant failed to request the statutory
instruction on parole, failure to give the instruction was error if the jury
inquired about parole during deliberations and the defendant requested the
instruction then.  831 S.W.2d 10, 18
(Tex. App.CEl
Paso 1992, pet. ref=d).  The jury in this case also inquired about
parole during deliberations.  But unlike Ramos,
the defendant here did not request the instruction upon receiving the jury=s
note, agreeing instead the jurors should be referred to the instructions
already given in the charge.  We think
this distinction requires a different result than Ramos.  The first point of error is overruled.      

 

                                                            Extraneous
Offenses

In
his second point of error, appellant claims that the trial court erred in
admitting evidence about the apartment robbery and shoot-out during the
guilt/innocence phase of trial.  But his
record references show only a handful of inadvertent references that cannot be
considered evidence of extraneous offenses. 
Even if they could, they would have been admissible.

First,
appellant complains about three references to Jones=
trial in Houston on a different crime that occurred shortly after the boat
robbery.  Second, there was a reference by a police
officer to the scene of a second crime, without further elaboration.  Third, there was testimony by a police
officer that he saw appellant later that same evening holding a gun.  Fourth, a photograph of appellant=s bullet-riddled truck was admitted
in evidence.

Extraneous offenses are admissible to show the context in
which a criminal act occurred.  See Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (holding evidence of three additional
murders in one evening was same transaction contextual evidence).  Events do not occur in a vacuum, and jurors
have a right to hear what occurred immediately before and after the commission
of an act so they may realistically evaluate the evidence.  Id.  No error has been shown, and appellant=s
second point of error is overruled.

 

 








                                                             Gang
Membership

In
his third point, appellant complains the trial court erroneously admitted
evidence of appellant=s membership in the Aryan Brotherhood prison gang during voir dire and the guilt/innocence phase of trial.  Again, his record references are sparse.  During voir dire,
the State asked the panel members in general terms whether anyone had heard of Athe
Aryan Brotherhood, the white supremacist gang,@ or knew anyone associated with them.  The State was entitled to know if any
potential member of the jury was a member of a club (much less a gang) of which
appellant was a member.  See Barajas v. 
State, 2002 WL
1380916, at *2 (Tex. Crim. App.  2002) (holding relevant a voir
dire question seeking to uncover bias or prejudice in favor of or against the
defendant).  Appellant did not object to
these questions, and they were not improper.

During
the guilt/innocence phase, the State established that appellant=s
accomplice Jones was not a member of the named gang.  It was never argued or suggested that
appellant was.  Appellant=s
argument requires us to presume the jury drew a conclusion based on neither
evidence nor argument.  This we decline
to do. We overrule the third point of error.

The
judgment is affirmed.                                                                

 

 

/s/            Scott
Brister

Chief Justice

 

 

 

 

Judgment rendered and Opinion filed
December 5, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C
Tex. R. App. P. 47.3(b).