

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00198-CR

JEFFREY MICKENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2018-C-084

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jeffery Mickens appeals his conviction for attempted capital murder.[1] Mickens waived a jury and, in a single proceeding, pled guilty to this and four other indictments. All indictments alleged offenses from one evening in February 2018. In a single brief, he appeals all five convictions. We modify the trial court's judgment in this case by deleting the assessment of court costs and affirm this conviction and its sentence,[2] because, not only did Mickens validly exercise his right to represent himself and waive a jury, as are addressed elsewhere, (1) Mickens's plea of guilty in this case was made voluntarily and freely, and (2) court costs must be removed from this case.

In our opinion in cause number 06-19-00195-CR, we addressed Mickens's points of error complaining that the trial court did not warn him sufficiently regarding self-representation in compliance with *Faretta v. California*[3] and that the trial court did not make sure Mickens's waiver of a jury trial was made knowingly and voluntarily. We refer the reader to our analysis in that case and overrule Mickens's claims on those points based on the reasons expressed in 06-19-00195-CR. We address Mickens's plea of guilty in this case independently and conclude that he made it voluntarily and freely.

---

[1]*See* TEX. PENAL CODE ANN. §§ 15.01, 19.03 (Supp).

[2]On even date herewith, we also affirm Mickens's other four convictions in these cause numbers: 06-19-00195-CR, aggravated kidnapping of Regina; 06-19-00196-CR, aggravated kidnapping of Regina's infant daughter, Barbara; 06-19-00197-CR, murder of Eleanor; 06-19-00199-CR, aggravated assault with a deadly weapon of Regina.

[3]422 U.S. 806 (1975).

2

*(1)      Mickens's Plea of Guilty in this Case Was Made Voluntarily and Freely*

In our opinion in cause number 06-19-00195-CR, we described the standards for determining whether a plea of guilty is made freely and voluntarily and addressed Mickens's plea in that case. We refer the reader to our opinion in that case for a summary of the events at Mickens's trial and the law we applied to those events. In brief, we consider the totality of the circumstances viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Fluellen v. State*, 443 S.W.3d 365, 368 (Tex. App.—Texarkana 2014, no pet.). In that process, "the record must affirmatively disclose that the defendant . . . entered his plea understandingly and voluntarily." *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969); *see also Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). The trial court must admonish the defendant in substantial compliance with the requisites of Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.).

In this case, the trial court accepted Mickens's plea of guilty to the instant charge of attempted capital murder after Mickens stated that he pled guilty because he was in fact guilty, that he had not been forced or threatened to plead guilty, and that his plea was made freely and voluntarily. The trial court asked Mickens if he understood the range of punishment; Mickens said he did. The trial court, however, failed to admonish Mickens that the crime was a first-degree felony or to articulate the range of punishment.

Shortly before his plea to the instant indictment for attempted capital murder, Mickens had pled guilty to two indictments alleging aggravated kidnapping—also first-degree felonies.

3

In admonishing Mickens on both of those charges, the court told Mickens that those crimes were first-degree felonies, bearing punishment ranges of five to ninety-nine years or life imprisonment. Immediately after pleading guilty to those felonies, and before pleading guilty to the instant attempted capital murder indictment, Mickens pled guilty to murder in cause number 06-19-00197-CR. In that case, the court told Mickens that the crime was a first-degree felony offense; the trial court did not, however, articulate the range of punishment. Mickens though, said he understood the range of punishment for that offense.

We find that this sequence of events did not render Mickens's plea of guilty to this particular charge involuntary or not freely made. "The record contains references to the correct punishment range and there is nothing in the record that shows appellant was unaware of the consequences of his plea or that he was misled or harmed." *Aguirre-Mata v. State*, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003). In *Aguirre-Mata*, the State, during voir dire, had three times "correctly stated the punishment range. Nothing shows that [Aguirre-Mata] did not hear and understand that . . . or that his attorney had not already told him the same thing." *Aguirre-Mata v. State*, 26 S.W.3d 922, 925 (Tex. App.—Houston [1st Dist.] 2000, pet. granted). Granted, there was no voir dire in Mickens's case. But the correct range of punishment for two other first-degree felonies had just been recited. Also, a week before Mickens's plea of guilty, an earlier plea offer of forty-five years' incarceration was discussed.[4]

_____

[4]There was an argument between Mickens's appointed attorney, Hagan, and two attorneys for the State about whether such offer had been made. The State said that, even if any offer had been extended, it had expired by that date. *Cf. Rodriguez v. State*, 763 S.W.2d 893, 895 (Tex. App.—San Antonio 1988, pet. ref'd). In the context of a point of error complaining that he had not been sufficiently admonished about the hazards of self-representation, Rodriguez complained that the range of punishment had not been explained to him. Pointing out that "the State had at first offered [Rodriguez] forty years on a guilty plea that was later changed to thirty years," Rodriguez "was aware

4

We find that his plea was made freely and voluntarily. This point of error is overruled.

*(2)    Court Costs Must Be Removed from this Case*

Mickens correctly points out that, while court costs were properly assessed against him in cause number 06-19-00195-CR, the trial court erred by also assessing court costs in this case. Where a defendant is convicted of two or more offenses in a single criminal action, court costs may be assessed only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073. The State concedes this error. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent on the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

---

that a finding of guilty could possibly mean the same or a stiffer sentence." *Id.* He was ultimately sentenced to forty-five years' incarceration. *Id.*

5

We modify the trial court's judgment by deleting the assessment of court costs in this case. As modified, the conviction for murder is affirmed.[5]


                                                    Josh R. Morriss, III
                                                    Chief Justice

Date Submitted:      August 26, 2020
Date Decided:        October 9, 2020

Do Not Publish

---

[5]Mickens claims that his conviction in cause number 06-19-00199-CR for aggravated assault of Regina is precluded, based on double jeopardy, by the conviction in this case for aggravated kidnapping of Regina. We address that complaint in our opinion in cause number 06-19-00199-CR.