In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00013-CR


______________________________




ALLEN DEWAYNE FARRIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 19,477-2006




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A Wood County jury convicted Allen Dewayne Farris of possession of methamphetamine. 
The jury then assessed punishment at twenty years' confinement and a $10,000.00 fine. On appeal,
Farris challenges only the legal sufficiency of the evidence to support his conviction, contending that
there are insufficient links to connect him to the contraband discovered in the car he was driving.

I. FACTUAL BACKGROUND

 State Trooper Brandon Owens was on patrol outside Alba on the night of February 3, 2006,
when he noticed an "old junky car" near the intersection of State Highway 69 and F.M. 17 and
decided to run a license check on the car. When the check indicated that the car was stolen, Owens
decided to stop the vehicle and turned on his lights. According to Owens, the driver took "a little
longer" to pull over than does the usual driver. After Owens approached the stopped vehicle, he also
noticed that the registration sticker, although current, belonged to another vehicle. Three people
occupied the car. 

 When Owens asked the driver for his license and proof of insurance, the driver responded
that he had no license and had borrowed the car. The driver identified himself as Acey Joe Farris,
born February 2, 1962. However, one of the occupants, Melissa Taylor, identified the driver as Allen
Dewayne Farris. At that point, Owens arrested Farris for failure to present a driver's license. Owens
patted down Farris and discovered an empty syringe in Farris' shirt pocket. After Owens gave Farris
his Miranda (1) warnings and while still at the scene, Farris explained that he had used the syringe to
use methamphetamine. Owens then secured Farris, removed the two passengers from the stopped
vehicle, and performed a search of that vehicle. During the search, Owens found a small cylindrical
tin containing three small baggies. In those baggies was a substance that appeared to Owens to be
methamphetamine. The tin was sitting "right by the driver's seat," according to Owens, easily within
reach of the driver, but also probably accessible by the two passengers as well. Owens further
explained that the tin was located between the console and the driver's seat. He also discovered little
baggies in Farris' wallet, which Farris explained were for packaging his costume jewelry. 

II. APPLICABLE LAW 

 A. Standard of Review

 When deciding whether evidence is legally sufficient to support a conviction, a reviewing
court must assess all the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. 
Poindexter  v.  State,  153  S.W.3d  402,  405  (Tex.  Crim.  App.  2005);  Johnson  v.  State,  23
S.W.3d 1, 7 (Tex. Crim. App. 2000).

 B. Links to the Contraband

 To establish guilt, the State must prove both that the accused had control over the contraband
and that the accused had knowledge of its existence and character. Poindexter, 153 S.W.3d at 405. 
When an accused is not in exclusive possession of the place where contraband is found, we cannot
conclude he or she had knowledge or control over the contraband unless there are additional
independent facts and circumstances which link the accused to the contraband. Id. at 406.

 There is no set formula of facts that dictates a finding of links sufficient to support an
inference of knowing possession of contraband. Porter v. State, 873 S.W.2d 729, 732 (Tex.
App.--Dallas 1994, pet. ref'd). However, there are several recognized factors to consider: whether
(1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the
owner of the premises or the place where the contraband was found; (3) the accused was found with
a large amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the
contraband was found in close proximity to the accused; (6) a strong residual odor of the contraband
was present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the
contraband was in view, or found on the accused; (9) the physical condition of the accused indicated
recent consumption of the contraband in question; (10) conduct by the accused indicated a
consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures;
(13) the accused had a special connection to the contraband; (14) the occupants of the premises gave
conflicting statements about relevant matters; (15) the accused made incriminating statements
connecting himself or herself to the contraband; (16) the quantity of the contraband; and (17) the
accused was observed in a suspicious area under suspicious circumstances. Washington v. State, 215
S.W.3d 551, 554 (Tex. App.--Texarkana 2007, no pet.).

 Mere presence at the location where drugs are found is thus insufficient, by itself, to establish
actual care, custody, or control of those drugs. Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim.
App. 2006). However, presence or proximity, when combined with other evidence, either direct or
circumstantial, may well be sufficient to establish that element beyond a reasonable doubt. Id. The
links must establish, to the requisite level of confidence, that the accused's connection with the drug
was more than just fortuitous. Poindexter, 153 S.W.3d at 406.

 It is not the number of links that is dispositive, but rather the logical force of all of the
evidence, direct and circumstantial. Evans, 202 S.W.3d at 162. Further, control over the contraband
need not be exclusive, but can be jointly exercised by more than one person. See McGoldrick v.
State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); Gant v. State, 116 S.W.3d 124, 131 (Tex.
App.--Tyler 2003, pet. ref'd).

III. ANALYSIS

 In reviewing the legal sufficiency of the evidence, we first note that Trooper Owens testified
that the tin containing the methamphetamine was located in close proximity to Farris. Owens
explained that the tin was located between the console and the driver's seat in which Farris was
sitting. Owens later explained that, although the other passengers could have reached the tin, Farris
had only to place his arm down at his side to be able to reach the tin. So from that testimony, we
learn that the methamphetamine was recovered from an enclosed place, was conveniently accessible
to Farris, and was in close proximity to Farris. The record also shows that Farris had in his wallet
baggies similar to the baggies contained in the tin containing methamphetamine. Further, Farris had
in his shirt pocket a syringe which he admitted using to inject methamphetamine. This evidence
connects Farris to the methamphetamine by showing that Farris was also in possession of
paraphernalia to use the methamphetamine, consistent with factor number eight. Owens also
testified that Farris initially gave him the false name of Acey Joe Farris and that passenger Taylor
provided Owens with Farris' real name, showing that Farris demonstrated some consciousness of
guilt and also that the occupants' stories were inconsistent. We also note that the record shows that
Farris was driving the vehicle. Although Farris claims to have borrowed the car, we also note that
the car was confirmed as stolen. Viewing the evidence in a light most favorable to the verdict, we
see the fact that Farris operated the vehicle as further connection to the contraband. Additionally,
the record provides evidence of suspicious circumstances. Owens testified that the license plates had
expired and that he became very suspicious when he noticed that the current registration sticker
displayed a different vehicle identification number. 

 We reiterate that we are to assess the logical force of the evidence as it relates to the relevant
considerations tending to show that the accused knowingly possessed the controlled substance. 
Viewing the above-detailed evidence in a light most favorable to the verdict, we conclude that the
evidence here is legally sufficient and that the logical force of the evidence is such that the jury could
conclude beyond a reasonable doubt that Farris knowingly possessed the methamphetamine. 


 Accordingly, we overrule Farris' point of error and affirm the trial court's judgment. 




 Jack Carter

 Justice


Date Submitted: August 15, 2007

Date Decided: August 17, 2007


Do Not Publish


 


1. Miranda v. Arizona, 384 U.S. 436 (1966).


.13 of the Texas
Code of Criminal Procedure; and 2) the pleas of nolo contendere were involuntary because
counsel, rather than Sherrill, entered the pleas. We affirm.
Background Facts
          The State's evidence showed that, over the course of approximately five years,
Sherrill repeatedly sexually assaulted his stepdaughter,


 K.S., and his son, J.S., who were
both under the age of fourteen years at the time of the assaults. Both K.S. and J.S.
testified concerning this abuse. 
          K.S. testified Sherrill forced her to have sexual intercourse or oral sex with him
between one and three times a month. Once, Sherrill attempted to have anal sex with K.S. 
K.S. testified Sherrill touched her genitalia with his hand and put his tongue in her vagina
on numerous occasions. When K.S. was twelve years old, she told her aunt about the
abuse. 
          J.S. testified Sherrill first forced him to touch Sherrill's penis on the outside of
Sherrill's clothing, but eventually the assaults progressed to skin on skin contact. Sherrill
forced J.S. to masturbate him on numerous occasions. J.S. testified that, on one occasion,
Sherrill bent him face-down over the couch and forced him to have anal intercourse, which
caused him considerable pain at the time and other problems for years to come. In
addition, J.S. testified Sherrill touched J.S.'s genitalia "more than one time." 
          Sherrill testified in his own behalf, and first denied abusing the children.


 After the
court adjudged him guilty, but before assessment of punishment, Sherrill admitted
committing the crimes alleged.
Failure To Admonish
          In his first point of error, Sherrill contends the trial court failed to admonish him in
accordance with the requirements of Article 26.13 of the Code of Criminal Procedure. 
Article 26.13(a) requires the trial court to admonish a defendant, before accepting his or
her plea, of (1) the punishment range, (2) the fact that the state's sentencing
recommendation is not binding on the court, (3) the limited right to appeal in cases where
the court follows a plea agreement, (4) the possibility of deportation, and (5) the fact the
defendant would have to register as a sex offender if the conviction was for a sex offense. 
Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2005). 
          The purpose of the admonishments is to ensure the defendant enters his or her plea
with full knowledge of the consequences. See Carranza v. State, 980 S.W.2d 653, 656
(Tex. Crim. App. 1998). The admonishments under Article 26.13(a) are not constitutionally
required, and their purpose and function is to assist the trial court in making the
determination that a guilty plea is knowingly and voluntarily entered. See Aguirre-Mata v.
State, 992 S.W.2d 495, 498–99 (Tex. Crim. App. 1999); Alvarez v. State, 63 S.W.3d 578,
581 (Tex. App.—Fort Worth 2001, no pet.).
          Before accepting Sherrill's plea of nolo contendere, the trial court admonished him
as follows:
THE COURT: . . . . Mr. Sherrill . . . you have five cases pending. You
are charged with three aggravated sexual assaults and two indecency with
children. 
The aggravated sexual assault is a first-degree felony and has a
punishment range of a minimum of 5 years to a maximum of 99 years or life
in the penitentiary. There can also be a fine of up to $10,000.
The two indecencies are second-degree felonies and the punishment
range is a minimum of 2 years to a maximum of 20 years in the Texas
Department of Criminal Justice, and again there can be a fine of up to
$10,000. 
Do you understand what you're charged with in each of these five
cases?
 
                     THE DEFENDANT: Yes, sir.
 
THE COURT: Now Mr. Sherrill, you have a right to a jury trial. I know
you've gone over all of these rights with your lawyer, but the law requires that
I make sure you understand your rights.
Do you understand, sir, that you do have a right to a jury trial in each
case if you wish a jury trial?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: I've been told by your lawyer that you want to waive or
give up your right to a jury trial in each case and have me decide your guilt
or innocence; is that true, sir?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Are you waiving your right to a jury trial in each case
freely and voluntarily?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Now Mr. Sherrill, I understand that you're going to enter
a plea of no contest?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: If you enter a plea of no contest, you can still be found
guilty on that plea if the evidence proves your guilt. Do you understand that?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: There is no admission of guilt, which means the State
has the full burden of proof. They must prove you guilty beyond a
reasonable doubt.
But if they do so, I can find you guilty and sentence you anywhere
within that 2 to 20-year range in two cases and anything within the 5 to
99-year or life range in the other three.
Or I could defer a finding of guilt if I believed you were guilty and place
you on probation for up to 10 years. I also can do any combination in
between, meaning I might find you not guilty on some of the cases, guilty on
some, not guilty on all of them, guilty on all of them.
There are five separate cases. There will actually be five separate
trials, even though we're hearing all the cases together. Do you understand
that, sir? 
 
THE DEFENDANT: Yes, sir.
 
THE COURT: And do you agree for us to hear all five cases
together?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Also sir, I had you fill out some documents entitled
"Court's Admonition to Sex Offenders." If I find you guilty or if the evidence
proves your guilt and I place you on probation, you will be required to register
as a sex offender. Do you understand that?
 
THE DEFENDANT: Yes, sir.
 
. . . .
 
THE COURT: And his plea in each case?
 
[DEFENSE COUNSEL]: No contest.
 
THE COURT: We will proceed with that plea.

          It is apparent the trial court orally admonished Sherrill concerning the range of
punishment, the right to a jury trial, and the requirement to register as a sex offender if
found guilty. In addition, the record contains a written admonishment concerning sex
offender registration that was signed by Sherrill and the trial court. The record affirmatively
establishes Sherrill received and signed the written sex offender admonishments before
entering his no contest pleas. The record also contains a written waiver of the right to a
jury trial. Nothing in the record indicates Sherrill did not understand the consequences of
his waivers or did not desire to plead nolo contendere. 
          We note, however, that the trial court did not explicitly admonish Sherrill of the fact
that the State's sentencing recommendation was not binding on the court, of the limited
right to appeal in cases where the court follows a plea agreement, or of the possibility of
deportation. 
          Any error concerning the Article 26.13 admonishments is nonconstitutional error
which is subject to a Rule 44.2(b) harm analysis. Gardner v. State, 164 S.W.3d 393,
397–98 (Tex. Crim. App. 2005); Aguirre-Mata, 992 S.W.2d at 498–99; see Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Under Rule 44.2(b), we are to disregard the
error unless it affects an appellant's substantial rights. See Tex. R. App. P. 44.2(b). A
substantial right is affected when the error had a substantial injurious effect or influence
on the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Neither
party has the burden of proof in harmless error analysis. Trevino v. State, 100 S.W.3d
232, 241 (Tex. Crim. App. 2003); Ovalle v. State, 13 S.W.3d 774, 787 (Tex. Crim. App.
2000). 
          None of these omitted admonishments were relevant to Sherrill and could not have
factored in his decision to enter a plea of nolo contendere. The record indicates no plea
agreement existed. Further, the record indicates Sherrill was born in the United States and
is a United States citizen. Any error in failing to admonish Sherrill that the State's
sentencing recommendation was not binding on the court, of the limited right to appeal in
cases where the court follows a plea agreement, or of the possibility of deportation clearly
did not affect Sherrill's substantive rights and is therefore harmless.
          The trial court properly admonished Sherrill concerning his right to a jury trial, the
range of punishment, and the requirement to register as a sex offender if found guilty. 
Although the trial court failed to admonish Sherrill of the fact that the State's sentencing
recommendation was not binding on the court, of the limited right to appeal in cases where
the court follows a plea agreement, or of the possibility of deportation, any error was
harmless. We overrule Sherrill's first point of error.



 
Plea by Counsel 
          In his second point of error, Sherrill contends the trial court erred in accepting a plea
of nolo contendere from trial counsel contrary to Article 27.13 of the Code of Criminal
Procedure. That Article reads as follows, in relevant part:
A plea of "guilty" or a plea of "nolo contendere" in a felony case must
be made in open court by the defendant in person; and the proceedings shall
be as provided in [Article] 26.13 . . . . If the plea is before the judge alone,
same may be made in the same manner as is provided for by Articles 1.13
and 1.15.




Tex. Code Crim. Proc. Ann. art. 27.13 (Vernon 1989).
          Although "the better practice is to inquire of the defendant personally what his plea
is," Article 27.13 can be complied with even if the attorney enters the formal plea.


 A
defendant may enter a guilty plea or nolo contendere plea in a felony case through his or
her attorney so long as it occurs in open court, in the presence of the defendant, and the
circumstances are sufficient to show compliance with Article 27.13. See Shields, 608
S.W.2d at 927; see also Costilla, 146 S.W.3d at 217.


 "[A]ny complaint arguing deviation
from Article 27.13 should be evaluated under the particular facts of that case to determine
whether the trial court complied with the applicable law." Costilla, 146 S.W.3d at 217. 
          In Shields, the trial court had accepted a nolo contendere plea entered by counsel
and not personally by appellant. Shields, 608 S.W.2d at 927. After defense counsel had
stated the defendant pled nolo contendere, the trial court asked Shields whether anyone
had promised him anything in order to make him enter the plea, to which he responded
"no," and asked him whether he was entering the plea voluntarily, to which he answered
"yes." Id. The Texas Court of Criminal Appeals held that the dialogue between the trial
court and Shields indicated "a compliance not only with the spirit but with the letter of
Article 27.13." Id.
          The facts of this case indicate the trial court complied with Article 27.13. While mere
presence of the defendant during the plea is not sufficient to comply with the statute,


 there
was sufficient interaction between the trial court and the defendant to constitute
compliance with Article 26.13. Sherrill contends the trial court should have questioned him
as to whether the pleas were his actual pleas. The trial court, though, did inquire into
whether Sherrill desired to plead no contest. Before the formal plea, the trial court asked
Sherrill: "Now Mr. Sherrill, I understand that you're going to enter a plea of no contest?" 
Sherrill answered, "Yes, sir." The trial court then explained the significance of a nolo
contendere plea, and Sherrill affirmatively stated he understood its significance. Sherrill
affirmatively answered the trial court's question as to whether he understood the five
charges against him and his right to have a trial by jury, whether he had waived the right
freely and voluntarily, whether he understood the punishment ranges for each offense, and
whether he understood the sex offender laws. Nothing in the record indicates the defense
counsel entered the plea without Sherrill's knowledge, understanding, and consent or that
Sherrill was confused about his rights, the proceedings, or his plea. The facts show
compliance with Article 27.13. We overrule Sherrill's second point of error.
Conclusion
          The trial court properly admonished Sherrill concerning the range of punishment,
the right to a jury trial, and the requirement to register as a sex offender if found guilty. Any
error in failing to give the remaining admonishments under Article 26.13 is harmless. The
facts of the case indicate the trial court complied with Article 27.13. 
 

          Accordingly, we affirm the judgment.



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 7, 2005
Date Decided:         December 30, 2005

Do Not Publish