In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00159-CR
______________________________


THOMAS ANDREW SHERRILL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court No. F00-00254-NS


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Thomas Andrew Sherrill appeals from his three convictions for aggravated sexual
assault of a child and two convictions for indecency with a child. These charges, stemming
from five separate indictments, were tried together. Sherrill pled nolo contendere, or no
contest, to the charges. Following a bench trial, the court found him guilty of each charge
and sentenced him to fifty years' imprisonment for each of the aggravated sexual assault
convictions, and to twenty years' imprisonment for each of the indecency with a child
convictions, and ordered all the sentences to run concurrently. Five separate appeals
arising from these five convictions are presently pending before this Court. Sherrill raises
identical issues and makes identical arguments in all five of the appeals. This appeal
concerns a conviction for indecency with a child. Sherrill raises two points of error: 1) the
trial court failed to properly admonish him within the guidelines of Article 26.13 of the Texas
Code of Criminal Procedure; and 2) the pleas of nolo contendere were involuntary because
counsel, rather than Sherrill, entered the pleas. We affirm.
Background Facts
          The State's evidence showed that, over the course of approximately five years,
Sherrill repeatedly sexually assaulted his stepdaughter,


 K.S., and his son, J.S., who were
both under the age of fourteen years at the time of the assaults. Both K.S. and J.S.
testified concerning this abuse. 
          K.S. testified Sherrill forced her to have sexual intercourse or oral sex with him
between one and three times a month. Once, Sherrill attempted to have anal sex with K.S. 
K.S. testified Sherrill touched her genitalia with his hand and put his tongue in her vagina
on numerous occasions. When K.S. was twelve years old, she told her aunt about the
abuse. 
          J.S. testified Sherrill first forced him to touch Sherrill's penis on the outside of
Sherrill's clothing, but eventually the assaults progressed to skin on skin contact. Sherrill
forced J.S. to masturbate him on numerous occasions. J.S. testified that, on one occasion,
Sherrill bent him face-down over the couch and forced him to have anal intercourse, which
caused him considerable pain at the time and other problems for years to come. In
addition, J.S. testified Sherrill touched J.S.'s genitalia "more than one time." 
          Sherrill testified in his own behalf, and first denied abusing the children.


 After the
court adjudged him guilty, but before assessment of punishment, Sherrill admitted
committing the crimes alleged.
Failure To Admonish
          In his first point of error, Sherrill contends the trial court failed to admonish him in
accordance with the requirements of Article 26.13 of the Code of Criminal Procedure. 
Article 26.13(a) requires the trial court to admonish a defendant, before accepting his or
her plea, of (1) the punishment range, (2) the fact that the state's sentencing
recommendation is not binding on the court, (3) the limited right to appeal in cases where
the court follows a plea agreement, (4) the possibility of deportation, and (5) the fact the
defendant would have to register as a sex offender if the conviction was for a sex offense. 
Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2005). 
          The purpose of the admonishments is to ensure the defendant enters his or her plea
with full knowledge of the consequences. See Carranza v. State, 980 S.W.2d 653, 656
(Tex. Crim. App. 1998). The admonishments under Article 26.13(a) are not constitutionally
required, and their purpose and function is to assist the trial court in making the
determination that a guilty plea is knowingly and voluntarily entered. See Aguirre-Mata v.
State, 992 S.W.2d 495, 498–99 (Tex. Crim. App. 1999); Alvarez v. State, 63 S.W.3d 578,
581 (Tex. App.—Fort Worth 2001, no pet.).
          Before accepting Sherrill's plea of nolo contendere, the trial court admonished him
as follows:
THE COURT: . . . . Mr. Sherrill . . . you have five cases pending. You
are charged with three aggravated sexual assaults and two indecency with
children. 
The aggravated sexual assault is a first-degree felony and has a
punishment range of a minimum of 5 years to a maximum of 99 years or life
in the penitentiary. There can also be a fine of up to $10,000.
The two indecencies are second-degree felonies and the punishment
range is a minimum of 2 years to a maximum of 20 years in the Texas
Department of Criminal Justice, and again there can be a fine of up to
$10,000. 
Do you understand what you're charged with in each of these five
cases?
 
                     THE DEFENDANT: Yes, sir.
 
THE COURT: Now Mr. Sherrill, you have a right to a jury trial. I know
you've gone over all of these rights with your lawyer, but the law requires that
I make sure you understand your rights.
Do you understand, sir, that you do have a right to a jury trial in each
case if you wish a jury trial?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: I've been told by your lawyer that you want to waive or
give up your right to a jury trial in each case and have me decide your guilt
or innocence; is that true, sir?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Are you waiving your right to a jury trial in each case
freely and voluntarily?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Now Mr. Sherrill, I understand that you're going to enter
a plea of no contest?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: If you enter a plea of no contest, you can still be found
guilty on that plea if the evidence proves your guilt. Do you understand that?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: There is no admission of guilt, which means the State
has the full burden of proof. They must prove you guilty beyond a
reasonable doubt.
But if they do so, I can find you guilty and sentence you anywhere
within that 2 to 20-year range in two cases and anything within the 5 to
99-year or life range in the other three.
Or I could defer a finding of guilt if I believed you were guilty and place
you on probation for up to 10 years. I also can do any combination in
between, meaning I might find you not guilty on some of the cases, guilty on
some, not guilty on all of them, guilty on all of them.
There are five separate cases. There will actually be five separate
trials, even though we're hearing all the cases together. Do you understand
that, sir? 
 
THE DEFENDANT: Yes, sir.
 
THE COURT: And do you agree for us to hear all five cases
together?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Also sir, I had you fill out some documents entitled
"Court's Admonition to Sex Offenders." If I find you guilty or if the evidence
proves your guilt and I place you on probation, you will be required to register
as a sex offender. Do you understand that?
 
THE DEFENDANT: Yes, sir.
 
. . . .
 
THE COURT: And his plea in each case?
 
[DEFENSE COUNSEL]: No contest.
 
THE COURT: We will proceed with that plea.

          It is apparent the trial court orally admonished Sherrill concerning the range of
punishment, the right to a jury trial, and the requirement to register as a sex offender if
found guilty. In addition, the record contains a written admonishment concerning sex
offender registration that was signed by Sherrill and the trial court. The record affirmatively
establishes Sherrill received and signed the written sex offender admonishments before
entering his no contest pleas. The record also contains a written waiver of the right to a
jury trial. Nothing in the record indicates Sherrill did not understand the consequences of
his waivers or did not desire to plead nolo contendere. 
          We note, however, that the trial court did not explicitly admonish Sherrill of the fact
that the State's sentencing recommendation was not binding on the court, of the limited
right to appeal in cases where the court follows a plea agreement, or of the possibility of
deportation. 
          Any error concerning the Article 26.13 admonishments is nonconstitutional error
which is subject to a Rule 44.2(b) harm analysis. Gardner v. State, 164 S.W.3d 393,
397–98 (Tex. Crim. App. 2005); Aguirre-Mata, 992 S.W.2d at 498–99; see Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Under Rule 44.2(b), we are to disregard the
error unless it affects an appellant's substantial rights. See Tex. R. App. P. 44.2(b). A
substantial right is affected when the error had a substantial injurious effect or influence
on the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Neither
party has the burden of proof in harmless error analysis. Trevino v. State, 100 S.W.3d
232, 241 (Tex. Crim. App. 2003); Ovalle v. State, 13 S.W.3d 774, 787 (Tex. Crim. App.
2000). 
          None of these omitted admonishments were relevant to Sherrill and could not have
factored in his decision to enter a plea of nolo contendere. The record indicates no plea
agreement existed. Further, the record indicates Sherrill was born in the United States and
is a United States citizen. Any error in failing to admonish Sherrill that the State's
sentencing recommendation was not binding on the court, of the limited right to appeal in
cases where the court follows a plea agreement, or of the possibility of deportation clearly
did not affect Sherrill's substantive rights and is therefore harmless.
          The trial court properly admonished Sherrill concerning his right to a jury trial, the
range of punishment, and the requirement to register as a sex offender if found guilty. 
Although the trial court failed to admonish Sherrill of the fact that the State's sentencing
recommendation was not binding on the court, of the limited right to appeal in cases where
the court follows a plea agreement, or of the possibility of deportation, any error was
harmless. We overrule Sherrill's first point of error.



 
Plea by Counsel 
          In his second point of error, Sherrill contends the trial court erred in accepting a plea
of nolo contendere from trial counsel contrary to Article 27.13 of the Code of Criminal
Procedure. That Article reads as follows, in relevant part:
A plea of "guilty" or a plea of "nolo contendere" in a felony case must
be made in open court by the defendant in person; and the proceedings shall
be as provided in [Article] 26.13 . . . . If the plea is before the judge alone,
same may be made in the same manner as is provided for by Articles 1.13
and 1.15.




Tex. Code Crim. Proc. Ann. art. 27.13 (Vernon 1989).
          Although "the better practice is to inquire of the defendant personally what his plea
is," Article 27.13 can be complied with even if the attorney enters the formal plea.


 A
defendant may enter a guilty plea or nolo contendere plea in a felony case through his or
her attorney so long as it occurs in open court, in the presence of the defendant, and the
circumstances are sufficient to show compliance with Article 27.13. See Shields, 608
S.W.2d at 927; see also Costilla, 146 S.W.3d at 217.


 "[A]ny complaint arguing deviation
from Article 27.13 should be evaluated under the particular facts of that case to determine
whether the trial court complied with the applicable law." Costilla, 146 S.W.3d at 217. 
          In Shields, the trial court had accepted a nolo contendere plea entered by counsel
and not personally by appellant. Shields, 608 S.W.2d at 927. After defense counsel had
stated the defendant pled nolo contendere, the trial court asked Shields whether anyone
had promised him anything in order to make him enter the plea, to which he responded
"no," and asked him whether he was entering the plea voluntarily, to which he answered
"yes." Id. The Texas Court of Criminal Appeals held that the dialogue between the trial
court and Shields indicated "a compliance not only with the spirit but with the letter of
Article 27.13." Id.
          The facts of this case indicate the trial court complied with Article 27.13. While mere
presence of the defendant during the plea is not sufficient to comply with the statute,


 there
was sufficient interaction between the trial court and the defendant to constitute
compliance with Article 26.13. Sherrill contends the trial court should have questioned him
as to whether the pleas were his actual pleas. The trial court, though, did inquire into
whether Sherrill desired to plead no contest. Before the formal plea, the trial court asked
Sherrill: "Now Mr. Sherrill, I understand that you're going to enter a plea of no contest?" 
Sherrill answered, "Yes, sir." The trial court then explained the significance of a nolo
contendere plea, and Sherrill affirmatively stated he understood its significance. Sherrill
affirmatively answered the trial court's question as to whether he understood the five
charges against him and his right to have a trial by jury, whether he had waived the right
freely and voluntarily, whether he understood the punishment ranges for each offense, and
whether he understood the sex offender laws. Nothing in the record indicates the defense
counsel entered the plea without Sherrill's knowledge, understanding, and consent or that
Sherrill was confused about his rights, the proceedings, or his plea. The facts show
compliance with Article 27.13. We overrule Sherrill's second point of error.
Conclusion
          The trial court properly admonished Sherrill concerning the range of punishment,
the right to a jury trial, and the requirement to register as a sex offender if found guilty. Any
error in failing to give the remaining admonishments under Article 26.13 is harmless. The
facts of the case indicate the trial court complied with Article 27.13. 
 

          Accordingly, we affirm the judgment.



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 7, 2005
Date Decided:         December 30, 2005

Do Not Publish