RIVERA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-045-CR

MICHAEL DEWAYNE RIVERA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Michael Dwayne Rivera was indicted for the felony offense of intoxication manslaughter.  At trial, after the prosecutor read the indictment aloud, Rivera entered a plea of guilty.  Rivera also entered a plea of true to the deadly weapon allegation.  The jury assessed punishment at ten years’ imprisonment.  

II. Failure to Admonish 

In his sole point, Rivera argues that his plea of guilty was involuntary because the trial court failed to admonish him as to the range of punishment attached to the offense of intoxication manslaughter as required by article 26.13(a)(1) of the Texas Code of Criminal Procedure.  
See
 Tex. Code Crim. Proc
. 
Ann
. art. 26.13(a)(1) (Vernon Supp. 2005).  The State concedes that the trial court failed to admonish Rivera of the punishment range of the charged offense, but argues that the error was harmless. 

A trial court errs if it accepts a defendant’s guilty plea without admonishing him on the punishment range for his offense.
  See Burnett v. State
, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).  
Failure to admonish is a statutory error.  
See Aguirre-Mata v. State
, 992 S.W.2d  495, 499 (Tex. Crim. App. 1999).
  
Accordingly, we must examine the record in Rivera’s case to determine if the error affected his substantial rights.  
See Hwang v. State
, 130 S.W.3d 496, 499 (Tex. App.—Dallas 2004, pet. ref'd); 
see also 
Tex. R. App. P. 
44.2(b).  If the error did not affect Rivera’s substantial rights, we must disregard it.  
See
 
Hwang
, 130 S.W.3d at 499.  To warrant a reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea.  
Burnett,
 88 S.W.3d at 638.  A silent record may support such an inference.  
Hwang
, 130 S.W.3d at 499.  The critical inquiry is whether the trial court's failure to admonish Rivera materially affected his decision to plead guilty to the charge.  See 
id
. at 499-500.  Thus, we must examine the record for indications that Rivera was not aware of the consequences of his plea and was misled or harmed by the trial court's failure to admonish him.  
Id
. at 500.  The record in Rivera’s case contains no such indications.

To the contrary, Rivera was present during the jury selection process when the venire was questioned and qualified regarding the full range of punishment for the charged offense.  Rivera also testified on direct examination that he knew the range of punishment for the charged offense and, during cross-examination, he admitted that he knew that the jury could sentence him to as much as twenty years in prison.
(footnote: 2)  Nothing in the record indicates that Rivera was unaware of the punishment consequences of his plea or was misled by the trial court’s failure to admonish him on the punishment range of the offense.  
See id. 
 

In considering the effect of the court's error on Rivera’s decision to plead guilty, we also consider the strength of the evidence of guilt.  
Anderson v. State
, 182 S.W.3d 914, 920 (Tex. Crim. App. 2006).

Larry Scott Alford testified that on October 18, 2002, he observed an Acura Legend driving down Highway 121 at around 2:15 a.m. at a rapid, extremely erratic pace.  Rivera was driving this vehicle.  Alford described the vehicle as being “all over the road.”  A short time later, Alford came upon the debris of a multi-vehicle collision.  The Acura that had passed him earlier was one of the vehicles involved.  Alford was able to brake and avoid hitting the wrecked vehicles. But the car traveling behind him, a Mazda Protege, was unable to avoid the collision and hit Rivera’s Acura head-on. 

The driver of the Mazda Protege was Phillip Wooldridge.  Wooldridge was pinned in the wreckage and later died from the injuries he sustained during the collision.  An accident reconstruction expert stated that Rivera was the cause of both wrecks and that Wooldridge could not have avoided the collision.  Additionally, Rivera testified that he had been drinking at a strip club on the night of the accident.  He stated that he had consumed five or six drinks of rum and coke.  

Considering the record as a whole, we have fair assurance that no substantial right of Rivera’s was affected by the trial court's error in failing to admonish him regarding the range of punishment and that Rivera’s decision to plead guilty would not have changed had the trial court properly admonished him.  
See id. 
at 921.  Under the standard of Texas Rule of Appellate Procedure 44.2(b), the error was harmless.  Tex. R. App. P. 44.2(b).  Therefore, we overrule Rivera’s point.

III. Conclusion 

Having overruled Rivera’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 4, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Intoxication manslaughter is a second degree felony and carries a range of punishment of not more than twenty years nor less than two years of imprisonment.  
See
 
Tex. Pen. Code Ann
. §§ 12.33, 49.08
 (Vernon 2003).