**Opinion issued October 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-17-00965-CR
NO. 01-17-00966-CR

————————————

**PERRY LEE HORN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 13-CR-3420 & 14-CR-2878**

---

**MEMORANDUM OPINION**

Appellant, Perry Lee Horn, pleaded guilty, with an agreed recommendation from the State regarding punishment, to two offenses of manslaughter.[1] In each offense, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for ten years. Subsequently, the State moved to adjudicate appellant's guilt in each offense, alleging numerous violations of the conditions of his community supervision. After a hearing, the trial court found appellant guilty and assessed his punishment at confinement for twenty years for each offense, to be served concurrently.[2] In his sole issue, appellant contends that the trial court erred in denying his motion for continuance.

We affirm.

**Background**

On November 24, 2015, after an auto collision resulting in the deaths of the complainant[3] and her unborn child,[4] appellant was charged by indictment with the commission of two offenses of intoxication manslaughter. Pursuant to his agreement with the State, appellant pleaded guilty to two offenses of manslaughter, and the trial

---

[1]   *See* TEX. PENAL CODE ANN. § 19.04. Trial court case number 13-CR-3420 is appellate cause number 01-17-00965-CR. Trial court case number 14-CR-2878 is appellate cause number 01-17-00966-CR.

[2]   The trial court also assessed a fine of $1,000 in case number 13-CR-3420.

[3]   Case number 13-CR-3420.

[4]   Case number 14-CR-2878.

court deferred adjudication and placed him on community supervision, subject to certain conditions, which included that he:

1. Commit no offense against the laws of the State of Texas or of any other State, the United States or any governmental entity;

2. Avoid injurious or vicious habits;

. . . .

11. Never become intoxicated;

. . . .

22. Abstain from the use of alcohol in any form at any time and do not enter any bar, tavern, lounge, or other similar place;

On May 31, 2017, the State filed a Motion to Adjudicate Guilt–Revoke Community Supervision in each offense, alleging that appellant had violated numerous conditions of his community supervision, including that, on May 28, 2017, he had committed a new offense of driving while intoxicated ("DWI"):

1. On or about the 28th day of May, A.D., 2017, in Galveston County, Texas, [appellant] did then and there commit the offense of [DWI] 3rd or More; and

11. [Appellant] was arrested for [DWI];

On August 22, 2017, a hearing was set on the motion for November 20, 2017.

On November 13, 2017, the State filed a First Amended Motion to Adjudicate Guilt–Revoke Community Supervision in each offense, alleging that appellant had violated numerous conditions of his community supervision, including that:

1. On or about the 28th day of May, A.D., 2017, in Galveston County, Texas, [appellant] did then and there commit the offense of [DWI] 2nd; and

3

2. [Appellant] did fail to avoid injurious and vicious habits by driving a vehicle while intoxicated and causing a single car accident per offense report from May 28, 2017; and

11. [Appellant] was arrested for [DWI] on May 28, 2017; and

. . . .

22. [Appellant] failed to abstain from the use of alcohol per offense report on May 28, 2017;

On November 20, 2017, prior to the start of the adjudication hearing, appellant's counsel filed a motion for continuance, asserting that he had been unable to prepare for the hearing because the State had not timely submitted to him a copy of the arresting officer's dash-camera video pertaining to appellant's May 28, 2017 DWI arrest. Counsel asserted that, "[d]ue to the complexity of [appellant's] case and the severity of possible punishment, more time [was] needed to prepare the defense." In addition, he complained, the State had amended its motion to adjudicate "less than 10 days before" the hearing, and he asserted that "[m]ore time [was] needed to file the proper pre-trial motions and prepare for trial." At the hearing, defense counsel argued as follows:

| [Defense Counsel]: | . . . . And I just saw that video a few minutes ago but not in time to talk to a DWI expert or prepare for the hearing today. |
| --- | --- |
| [Trial Court]: | All right. Anything in response? |
| [State]: | Your Honor, well according to CCP 39.14 we are required to turn over discovery when it's triggered by the defense asking for discovery. He's, to my knowledge, never asked for discovery on that DWI. . . . I did call him last week to ask about the evidence. |

4

| | |
|---|---|
| [Trial Court]: | You called [Defense Counsel]? |
| [State]: | Yes, I spoke with him two maybe three times last week and I also e-mailed him all the paper forms. It was an offense report, a lab slip and a DWI video. He told me he would be here Friday to pick it up. He didn't have a problem with it. I was going to give it to him on Thursday or Friday. He didn't show up and I sent it by Hightail. I called to make sure he received it and I also have documentation that he downloaded it from Hightail. It's under 39.14. It's about an 18-minute video. I think 7 minutes is all the real speaking and the rest is waiting on a tow truck. He refused field sobriety tests. So, I don't know what kind of an expert he would call. He only did HGN. So, I have given him everything in a timely manner. He never requested it but I went ahead and gave it to him. He has had this since last week, Thursday, in the morning. So, he's had it in plenty of time. So, I ask the continuance be denied. |
| [Trial Court]: | All right. The continuance is going to be denied but as far as the 10 days preparation that you have for the first amended. |

. . . .

| | |
|---|---|
| [State]: | Yes, and that is section – I don't believe it's 10 days it's CCP article 42A.751. |
| [Trial Court]: | Okay. Read that to me. |
| [State]: | It's section F. It says in a felony case the State may amend the motion to revoke community supervision at any time before the 7th day before the date of the revocation hearing after which time the motion may not be amended, unless for good cause shown. |
| [Trial Court]: | So, have the 7 days passed? |
| [State]: | Yes, Your Honor. |

5

| | |
|---|---|
| [Trial Court]: | Any response? |
| [Defense Counsel]: | No, Your Honor. |
| [Trial Court]: | Okay. |
| [Defense Counsel]: | As to the video of the arrest, we—I was just able to see it a few minutes ago. I do have a response to that and the fact that they are using that video to revoke his deferred adjudication and they didn't give to it me timely for me to prepare for this, because that is the crucial piece of evidence they are using to revoke him. |
| [Trial Court]: | All right. |
| [Defense Counsel]: | And as far as my conversation with the D.A.'s Office when I got the call, I said no, I'm not in Galveston. I'm on the other side of the world. Because I was in Cold Spring, Texas and San Jacinto County. So, I didn't get back until late. That's why when I saw what had been downloaded, it was totally useless to me because that was Friday night. And so, I just think that the motion should be granted. |
| [Trial Court]: | Your motion for continuance is denied. The Court is also taking judicial notice of the amendments in 13CR3420 and 14CR2878 are basically avoid injurious or vicious habits or abstain from the use of alcohol in any form and do not enter a bar, lounge, tavern or other similar place. So, I'm going to allow the State to proceed on the First Amended Motion to Adjudicate Guilt and Revoke Community Supervision of the defendant. |

After the trial court denied appellant's motion for continuance, appellant pleaded "true," in each offense, to several of the State's allegations in its amended motion. As pertinent here, he pleaded "true" to those numbered 11 and 22, i.e., that

6

he was arrested for DWI on May 28, 2017 and that he had failed to abstain from the use of alcohol per the offense report on May 28, 2017.

At the hearing, Galveston County Sheriff's Office Deputy D. Banda testified that, on May 28, 2017, he was dispatched to investigate a collision on northbound Interstate 45 at the "Texas City Y." At the scene, he saw a dark-colored "Toyota 4 Runner" that had gone through a guardrail and into a grassy median, where it was stuck in the mud. Appellant, who was alone, stated that he had been out with friends and was heading home, but had missed his turn. While Banda was speaking with appellant, he noted that appellant had red, bloodshot eyes and a strong odor of alcohol on his breath. When Banda asked appellant how many alcoholic beverages he had consumed, appellant responded that he "didn't want to say." After appellant agreed to undergo field sobriety testing, Banda performed a horizontal gaze nystagmus test and observed six clues of intoxication. During Banda's instructions to appellant for the walk-and-turn test, however, appellant interrupted, stating that he "had been drinking" and "didn't want to continue with the tests." Based on the totality of the circumstances, Banda arrested appellant for the offense of DWI. The trial court admitted into evidence the dash-camera video from Banda's patrol car.

Rachel Aubel, a forensic scientist at the Texas Department of Public Safety Crime Lab, testified that she examined a sample of appellant's blood and that his blood-alcohol concentration was 0.180 grams of alcohol per 100 milliliters of blood.

7

**Motion for Continuance**

In his sole issue, appellant argues that the trial court erred in denying his motion for continuance because he received Deputy Banda's dash-camera video "less than 12 working hours" before the adjudication hearing and the State amended its motion to adjudicate on the seventh day before the hearing, rather than seven days before the hearing, as required. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(f). Appellant argues that he was prejudiced because he was not afforded time to adequately prepare for the hearing.

A criminal trial "may be continued on the written motion . . . of the defendant, upon sufficient cause shown." TEX. CODE CRIM. PROC. ANN. art. 29.03. We review a trial court's denial of a motion for continuance for an abuse of discretion. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). An abuse of discretion in this context is established by a showing that the trial court erred by denying the motion and that the defendant was harmed by the denial. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010); *Janecka*, 937 S.W.2d at 468. The defendant must first establish that "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Gonzales*, 304 S.W.3d at 843 (internal quotations omitted). Next, the defendant must establish that the trial court's ruling "actually prejudiced" his defense.

8

*Janecka*, 937 S.W.2d at 468 (holding that defendant must show "specific prejudice to his cause arising from the trial court's failure to grant his motion"). When a motion for continuance is based on a claim of inadequate preparation time, there must be a showing that the defendant was prejudiced by his counsel's inadequate preparation. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). Such prejudice includes "unfair surprise or an inability to effectively cross-examine any of the State's witnesses." *Janecka*, 937 S.W.2d at 468. A trial court does not abuse its discretion in denying a motion for continuance based on a mere desire for more time to prepare. *Id.*

### *Dash-Camera Video*

Appellant complains that the State "failed to timely produce a key piece of evidence, namely the videotape of [his] arrest." He asserts that he did not receive the video until 11:14 a.m. on Friday, November 17, 2017, which was insufficient time for him to have an expert review the video and to prepare for the Monday, November 20, 2017 hearing. The State asserts that appellant has not demonstrated that he was prejudiced by the trial court's decision not to continue the hearing.

In *Heiselbetz*, the Texas Court of Criminal Appeals held that the trial court did not abuse its discretion in denying a motion for continuance after counsel had forty-three days to prepare for a capital murder trial that included "eighty-seven potential witnesses . . . , including fourteen names added only two weeks before trial

9

was set to begin; . . . over one hundred potential exhibits, ninety-five of which were actually introduced; and counsel could not adequately review medical records which contained potential mitigating evidence." 906 S.W.2d at 511. The court concluded that the defendant did not establish "any specific prejudice to his cause arising from the trial court's failure to continue the trial," that is, no unfair surprise or any inability to effectively cross-examine any of the State's witnesses. *Id*. at 511–12.

Here, the record shows that the State, on May 31, 2017, filed its original motion to adjudicate appellant's guilt based on his May 28, 2017 DWI arrest. And, on August 22, 2017, the hearing on the motion was set for November 20, 2017. Although the record does not show that appellant requested the dash-camera video at issue, it is undisputed that he received it before the hearing. However, we need not resolve whether such request was required or made, or whether the State timely produced the video, because appellant has not established any specific prejudice to his cause arising from the trial court's denial of his motion to continue the hearing. *See Janecka*, 937 S.W.2d at 468; *Heiselbetz*, 906 S.W.2d at 511–12.

The dash-camera video at issue is approximately eighteen minutes in total length and includes less than nine minutes of dialogue. In the video, as Deputy Banda approaches in his patrol car, appellant is seen standing on the side of a road near his truck, which appears to be stuck in a ditch. When Banda got out and asked appellant what had happened, appellant replied that he was out with friends and was

10

driving home and had missed his turn. After Banda told appellant that he smelled alcohol on his breath, appellant denied that he had been drinking. When Banda again asked appellant how much he had had to drink, however, appellant replied that he did not wish to say. Appellant then consented to field sobriety testing and Banda performed a horizontal gaze nystagmus test. While Banda was giving appellant directions for the next test, appellant stated that he had been drinking and declined to continue. Banda then arrested appellant for the offense of DWI. As discussed above, the record shows that Banda testified to each of these same facts during the adjudication hearing.

Appellant does not allege that he was unfairly surprised during the hearing, or by any content of the video, or was unable to effectively cross-examine any of the State's witnesses. That appellant simply desired more time to prepare does not alone entitle him to a continuance. *See Janecka*, 937 S.W.2d at 468 (holding that defendant's complaint that he was not afforded adequate time to interview witnesses and hire experts did not establish abuse of discretion); *see also Carson v. State*, No. 01-08-00262-CR, 2010 WL 547477, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that no actual prejudice was shown, despite counsel's assertion that she was unprepared, because record did not establish inability to effectively cross-examine witnesses or

11

that crucial evidence was excluded).  Thus, we conclude that the trial court did not err in denying appellant's motion for continuance on this ground.

### Amended Motion to Adjudicate

Appellant next complains that the trial court erred in denying his motion for continuance because the State amended its Motion to Adjudicate Guilt–Revoke Community Supervision "*on* the seventh day," and not "*before* the seventh day," before the hearing.   *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(f).

In a felony case, the State may amend the motion to revoke community supervision

> at any time *before the seventh day* before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown.  The state may not amend the motion after the commencement of taking evidence at the revocation hearing.

*Id.* (emphasis added).  An untimely motion to amend a motion to revoke community supervision constitutes a statutory violation subject to a harm analysis, under which any "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b); *see also Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999).  In evaluating whether a defendant was harmed under rule 44.2(b), we look to the record as a whole to determine whether his "substantial rights" were affected.  *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013).

12

Here, as discussed above, the State, in its First Amended Motion to Adjudicate Guilt–Revoke Community Supervision filed on November 13, 2017, simply added, as pertinent here, reiterations of its existing allegations. It added that appellant had also violated the terms of his community supervision, by: "fail[ing] to avoid injurious and vicious habits by driving a vehicle while intoxicated and causing a single car accident per offense report from May 28, 2017" and "fail[ing] to abstain from the use of alcohol per offense report on May 28, 2017." And, to allegation number 11, i.e., that appellant "was arrested for [DWI]," the State added: "on May 28, 2017."

In arguing that the trial court erred in denying his motion for continuance on the ground that the State's amendment was untimely, appellant does not explain how his defense was "actually prejudiced." *See Janecka*, 937 S.W.2d at 468; *Heiselbetz v. State*, 906 S.W.2d at 511.

Moreover, any error in allowing the amendments was harmless. Again, our review is limited to an abuse of the trial court's discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Brown v. State*, No. 01-13-01039-CR, 2014 WL 4390587, at *2 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, pet. ref'd) (mem. op., not designated for publication). "If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown." *Brown*, 2014 WL 4390587, at *2 (quotations omitted).

13

Further, a "plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). One sufficient and unchallenged violation will support the trial court's order on appeal, and an appellate court need not address challenges to other grounds for revocation. *Brown*, 2014 WL 4390587, at *2.

In each offense, the trial court deferred adjudication and placed appellant on community supervision subject to certain conditions, including, in number 11, that he: "Never become intoxicated." In both its original and amended motions to revoke appellant's community supervision and adjudicate his guilt, the State alleged that appellant violated condition number 11 by being arrested for the offense of DWI. Appellant pleaded "true" to this allegation. The evidence further established that appellant was intoxicated on May 28, 2017, as alleged. Because the record establishes the truth of at least one allegation supporting revocation, we cannot say that the trial court abused its discretion in revoking supervision, notwithstanding any untimeliness of the amendments.

We hold that the trial court did not err in denying appellant's motion for continuance. Accordingly, we overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment in each cause number.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).