**Opinion filed June 10, 2021**



In The

# Elebenth Court of Appeals

_____

## No. 11-19-00237-CR

_____

## DOUGLAS LEE SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR48433**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Douglas Lee Smith, for the second-degree felony offense of online solicitation of a minor. TEX. PENAL CODE ANN. § 33.021(c) (West 2016). Appellant waived his right to a trial by jury and entered a plea of guilty to the charged offense. The trial court accepted Appellant's plea and, after it considered the punishment evidence, assessed Appellant's punishment at five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine.

In a single issue on appeal, Appellant asserts that, prior to accepting Appellant's guilty plea, the trial court erred because it failed to properly admonish him in accordance with the requirements of Article 26.13 of the Texas Code of Criminal Procedure. Specifically, Appellant contends that the trial court failed to admonish him concerning (1) the applicable range of punishment for the charged offense and (2) the possible immigration consequences of his guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1), (4) (West Supp. 2020). Appellant maintains that, based on the record before us, the trial court's failures were harmful and require that we vacate his guilty plea and remand this cause to the trial court for a new trial. We disagree and affirm the judgment of the trial court.

## I. *Factual Background*

Appellant was arrested and charged with the online solicitation of a minor, an offense that occurred during a law enforcement "sting" operation that was designed to combat crimes against children and human trafficking. Before the commencement of trial, Appellant waived his right to a jury trial and entered a plea of guilty to the charged offense. Although required to do so under Article 26.13, and prior to its acceptance of Appellant's plea of guilty, the trial court failed to admonish Appellant regarding the applicable range of punishment for the charged offense and the possible immigration consequences that could result from his guilty plea.

## II. *Analysis*

*Prior to accepting* a defendant's plea of guilty, the trial court shall admonish the defendant as to certain consequences that are associated with his guilty plea, including, *inter alia*, the range of punishment attached to the offense for which he is pleading guilty and the potential immigration consequences for the defendant that could result from his plea. *Id.*; *see Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013). Here, it is undisputed that the trial court failed to give these

admonishments *prior to* its acceptance of Appellant's plea of guilty. However, the State contends that these failures were harmless. We agree.

In this case, the trial court erred when it failed to admonish Appellant in compliance with the requirements of Article 26.13. *See Davison*, 405 S.W.3d at 687–88; *Burnett v. State*, 88 S.W.3d 633, 636 (Tex. Crim. App. 2002) (a trial court errs when it wholly fails to give a statutorily required admonishment). Nevertheless, the trial court's failure to give the required admonishments under Article 26.13 constitutes nonconstitutional error. *Davison*, 405 S.W.3d at 687–88; *Burnett*, 88 S.W.3d at 637; *Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999); *see VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). In such circumstances, we will reverse only if the error affected Appellant's "substantial rights." Tex. R. App. P. 44.2(b); *Davison*, 405 S.W.3d at 688–89; *Burnett*, 88 S.W.3d at 637. In determining whether the error affected Appellant's substantial rights, we examine the entire record for indications as to whether Appellant was aware of the consequences of his plea of guilty *prior to* the trial court's acceptance of his plea and whether he was misled or harmed by the trial court's failure to properly admonish him. *See Davison*, 405 S.W.3d at 688–89; *VanNortrick*, 227 S.W.3d at 709; *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006); *Burnett*, 88 S.W.3d at 638. As such, the trial court's error will not be harmful if we have "fair assurance that the defendant's decision to plead guilty would not have changed had the court [properly] admonished him." *VanNortrick*, 227 S.W.3d at 709 (quoting *Anderson*, 182 S.W.3d at 919).

Facts in the record, even facts that *occur after* the defendant pleads guilty, may raise the inference that, at the time of his guilty plea, the defendant was actually aware of the consequences of his plea. *Davison*, 405 S.W.3d at 689; *Burnett*, 88 S.W.3d at 640–41. For example, in *Davison*, the Court of Criminal Appeals affirmed our holding that the appellant's failure to exhibit any surprise or alarm during the

punishment phase of his trial supported the inference that the appellant was aware that the enhancement paragraphs in the indictment subjected him to a greater range of punishment, even though the trial court had failed to admonish him of this consequence before he entered his guilty plea. *Davison*, 405 S.W.3d at 688–89. The combination of the appellant's nonchalance at the punishment phase and his signed acknowledgement in the "Guilty Plea Memorandum," which attested that the appellant had read and understood the significance of the enhancement paragraphs in the indictment and that they were true and correct, was sufficient to support the inference that the appellant was actually aware of the consequences of his guilty plea at the time he entered it, despite the trial court's failure to properly admonish him. *Id.* at 689.

Similarly, in *Burnett*, the Court of Criminal Appeals focused, in part, on facts in the record that occurred after the appellant's guilty plea but showed that he was actually aware of the consequences of his plea, despite the lack of certain admonishments from the trial court. *Burnett*, 88 S.W.3d at 640–41. There, although noting that the applicable punishment range had been discussed in the appellant's presence on several occasions in open court before the trial court accepted his guilty plea, the court also cited to post-plea facts in the record as support for the inference of the appellant's actual knowledge of the consequences of his guilty plea, such as the lack of reaction or protest from the appellant when the court's charge was read to the jury, when the jury returned its verdict on punishment, and at the time of the appellant's sentencing. *Id.* at 640 ("[W]hile an express acknowledgment by appellant would be helpful, the lack of such evidence does not necessarily show that appellant was unaware of the consequences of his plea."). The *Burnett* court found that the record was "replete with instances in which the parties refer[red] to the potential severity of the sentence that the jury could assess" and held that the trial

4

court's failure to admonish the appellant regarding the applicable range of punishment for the offense did not mislead or harm the appellant. *Id.* at 641.

After a careful examination of the record in this case, we hold that Appellant was neither harmed nor misled by the trial court's failure to admonish him prior to the acceptance of Appellant's plea of guilty (1) as to the punishment range attached to the offense for which he pleaded guilty or (2) as to the potential immigration consequences that could result from his plea.

Nothing in the record before us indicates that Appellant was unaware of the consequences of his plea of guilty at the time it was entered. Nor is the record completely silent on this point. When Appellant was sentenced, the trial court recited to Appellant the applicable punishment range for the charged offense. Neither Appellant nor his trial counsel exhibited any surprise or concern when this occurred. In fact, Appellant's trial counsel neither objected to nor commented on the trial court's lack of admonishments; rather, Appellant's trial counsel only requested that the trial court consider probation as a punishment option for Appellant. Nor did Appellant file a motion for new trial that alleged he was unaware of the punishment range for the charged offense until after the trial court's recitation at sentencing. *See id.* at 640–41 & n.23 (noting that defense counsel did not attempt to develop a record to support a motion for new trial on the grounds that the plea was not knowing and voluntary but, rather, filed a "plain vanilla" motion for new trial that did not mention either the voluntariness of the appellant's plea or the trial court's failure to admonish him on the range of punishment).

Moreover, Appellant also signed a "Certificate of Discovery" acknowledging that he had reviewed the State's file in his case. This action, combined with the request for probation by Appellant's trial counsel, suggests that Appellant was aware of the strength of the State's case against him and that, in light of the posture of the State's case and the nature of the offense with which he was charged, Appellant

chose to pursue a trial strategy in which he waived his right to a jury trial, entered a plea of guilty, and later sought mercy and a lenient punishment from the trial court. In this context, Appellant and his trial counsel's lack of reaction to the trial court's recitation of the punishment range when he was sentenced by the trial court indicates that the applicable punishment range for the charged offense was a known and accounted-for facet of their trial strategy. *See Davison*, 405 S.W.3d at 688–89; *Burnett*, 88 S.W.3d at 640–41.

Here, Appellant has directed us to no circumstance in the record, and we have found none, that would indicate that Appellant was actually unaware of the punishment-range consequences of his guilty plea at the time it was entered. Rather, similar to the courts in *Davison* and *Burnett*, the record before us indicates that Appellant *was actually aware* of the punishment-range consequences of his plea. There are no indications to the contrary.

Finally, Appellant claims that he was harmed because the trial court failed to admonish him as to the possible immigration consequences of his plea of guilty. When the record shows, as it does here, that the defendant is a United States citizen, the trial court's failure to admonish him of the possible immigration consequences of his plea of guilty is harmless because this specific admonition would have neither changed the defendant's decision to plead guilty nor changed or affected his citizenship status. *VanNortrick*, 227 S.W.3d at 709; *Anderson*, 182 S.W.3d at 919 (citing *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). It is undisputed, and the record clearly shows, that Appellant was born in Sacramento, California. Therefore, because Appellant is, and has always been, a citizen of the United States, the trial court's failure to admonish him regarding the possible immigration consequences of his guilty plea was harmless and cannot result in a reversal. *See VanNortrick*, 227 S.W.3d at 709; *Anderson*, 182 S.W.3d at 919.

6

In light of our thorough review of the record, and for the reasons that we have discussed above, we have fair assurance that Appellant's decision to plead guilty to the charged offense would not have changed had the trial court admonished him in strict compliance with the requirements of Article 26.13. Accordingly, we overrule Appellant's sole issue on appeal.

## III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


June 10, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.