

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0753-20

### BETHANY GRACE MACIEL, Appellant

### v.

### STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS FROM BRAZOS COUNTY

**NEWELL, J., filed a concurring opinion.**

I agree that the court of appeals erred to hold that Appellant was not entitled to a jury instruction on the defense of necessity. And I agree with the Court that the proper course of action is to remand the case to the court of appeals for a determination of whether the refusal of the defensive instruction harmed Appellant. I join the Court's opinion.

I write separately because I believe the Court should recognize that an evaluation for harm flowing from error is as much a systemic requirement as determining whether that error has been preserved. As such, this Court should feel free (after holding that error occurred) to address the question of whether a particular error harmed the defendant. Reflexively remanding for an evaluation of harm under well-established standards is unnecessary.

We have long recognized that courts of appeals should address whether error has been preserved regardless of whether the parties raise it because preservation of error is a systemic requirement.[1] This is true regardless of whether the issue is raised by the parties. And, we have recognized that this Court can and should do so when confronted with a preservation issue.[2]

Similarly, we have recognized that all errors, except for certain federal constitutional errors labeled by the United States Supreme Court as "structural", are subject to a harm analysis.[3] And we have recognized, at least in the context of jury charge error, that neither

---

[1] *See, e.g.*, *Darcy v. State*, 488 S.W.3d 325, 327-28 (Tex. Crim. App. 2016).

[2] *See, e.g.*, *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009).

[3] *See, e.g.*, *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017).

party bears a burden to establish that the error was harmful.[4]  This is because burdens and requirements of proving actual facts are appropriate in the law of evidence, but they have little meaning when it comes to a harm analysis.[5]  When conducting a harm analysis, the reviewing court makes its own assessment as to what degree of likelihood exists as to the prejudicial or non-prejudicial impact of a particular error.[6]  Like the issue of preservation, assessing harm is effectively conducted independently of the arguments of the parties.

While I recognize the value of affording a court of appeals the opportunity to address issues in the first instance, I disagree that this Court benefits from having the court of appeals conduct a harm analysis after this court has made the determination of error.  For example, we have noted that remand is applicable to allow a court of appeals to wrestle with undecided legal issues on the merits of a claim because we might benefit from a "carefully wrought decision from the court of appeals."[7]  But we did so in the context of an unresolved claim on the

---

[4] *See, e.g.*, *Warner v. State*, 245 S.W.3d 458, 463 (Tex. Crim. App. 2008).

[5] *Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000).

[6] *Id.* (quoting WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE 1165 (2d ed. 1992)).

[7] *McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014) ("But the issue of the proper application of the exclusionary rule to the facts of this case is not remotely clear cut, and we believe that the proper disposition here should be to remand for the court of appeals to address it in the first instance.  The parties make a number of substantial arguments in

merits.[8]  In contrast, conducting a harm analysis is based upon an examination of the record under established harm standards.[9]  Indeed, there is little "legal analysis" involved as we identify the applicable harm standard before we remand and we clarify how the analysis should be conducted.[10]  Rather than expecting the courts of appeals to be clairvoyant on remand, we should just answer the question when we have the chance.

With these thoughts, I join the Court's opinion.


Filed: October 6, 2021


Publish

---

support of their respective positions in this Court, and our resolution of the issue (if any should even be necessary after a remand) would benefit from a carefully wrought decision from the court of appeals.").

[8] *Id.*

[9] *See, e.g.*, *Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) ("We reverse the judgment of the Court of Appeals and remand for a harm analysis pursuant to Rule of Appellate Procedure 44.2(a)."); *Aguierre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999) ("Accordingly, we grant the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court to conduct a harm analysis pursuant to Rule 44.2(b).").

[10] *See, e.g.*, *Haggard v. State*, 612 S.W.3d 318, 330 (Tex. Crim. App. 2020) ("Having clarified the harm analysis for the denial of face-to-face confrontation, we reverse the judgment of the court of appeals and remand the cause to that court to reassess whether Haggard was harmed.").